**TRUSTEES OF COOK'S ESTATE v. SHEP-PARD, Comptroller, et al.**

**No. 8321.**

Court of Civil Appeals of Texas. Austin.

Nov. 13, 1935.

Rehearing Denied Dec. 18, 1935.

William R. Watkins, of Fort Worth, for appellants.

BLAIR, Justice.

This case is companion to and in most respects is controlled by our decision in the case of Group No. 1 Oil Corporation v. Sheppard, Comptroller, et al., 89 S.W. (2d) 1021, this day decided. Appellants herein sued George H. Sheppard, State Comptroller, and Charley Lockhart, State Treasurer, for the refund of certain gross production taxes on oil, which they paid under written protest to appellees, aggregating $907.22. The taxes were demanded and collected as being due under H.B. 154, c. 162, Acts 1933, as amended by Acts 1933, 1st Called Sess., c. 12, the material portions of which were quoted in the opinion in the companion case; and as being the gross production or occupation tax levied against the one-eighth royalty interests of appellants under their oil leases covering the Cook ranch in Shackelford county. The leases are the usual form

of oil leases, and provide that lessee shall "deliver to the credit of the lessor, free of cost in the pipe line to which it may connect its wells, the equal one-eighth part of all oil produced and saved from the leased premises."

■ We construe the taxing act in the companion case to levy the tax against the various interest holders in the oil produced or its value, including the producer and royalty owners other than the State University, ratably or in proportion to their respective interests. This construction of the act in the companion case disposes of most of the constitutional defenses interposed by appellants in this case, and only one additional constitutional question will be discussed.

■ Appellants contend that the taxing act in suit is violative of the obligation of contract clauses of both the State and Federal Constitutions (Const.Tex. art. 1, § 16; Const.U.S. art. 1, § 10. cl. 1), for the reasons: (1) That it impairs the antecedent obligations of appellants' lessee to deliver them the equal one-eighth part of the oil produced, free of costs, the taxing act in force at the time of the execution of the contract having required the lessee to pay the entire gross production tax on the oil; and (2) that the present taxing act requires the producer with whom appellants had a contract prior to the enactment of such taxing act to pay them the regular posted price for the royalty oil, to deduct from the royalty interests due the proportionate amount of the gross production tax, and remit the same to the state officials named. Manifestly this taxing act does not change in any manner the lease contracts between the parties. The tax is not against the oil royalty. It is levied as a gross production tax on the business or occupation of producing oil. The tax belongs to the state, and the mere fact that the producer is primarily liable for the payment of the tax, or the fact that the purchaser is required to collect the tax for the state at its source or origin, does not give them any interest in the tax against the royalty interests. They may have benefited by the change of legislative policy of imposing the tax ratably against the respective interest holders in the oil produced; but such legislative tax policy did not impair any obligation of the lease contracts.

In this connection appellants cite several cases in support of the contention that royalty owners under the ordinary form of oil and gas leases are not engaged in the business of producing oil. None of these cases is in point. The dicta in the case of Flynn, Welch & Yates v.. State Tax Commission, 38 N.M. 131, 28 P.(2d) 889, 892, is to the contrary. It reads: "Our minds do not reject the idea that the lessee and the royalty owner, considered as participating in a joint enterprise, are both engaged in the business of producing or severing oil, and that the tax is therefore essentially occupational. Such a view, however, is not indispensible to sustaining the tax. For it may be considered occupational as to the lessee and another kind of tax as to the royalty owner. Unless found, as to one or the other, to be a tax upon tangible property, it need not be levied ad valorem, and is an excise."

■ The point involved was left undecided in Byrne v. Fulton Oil Co., 85 Mont. 329, 278 P. 514, because the statute construed did not impose the tax on the royalty interest. This case does hold, however, that the levy of a tax on the royalty interest in lieu of a property tax, the tax to be paid by the producer with right to deduct the amount of the tax paid in making settlement with the royalty owner, did not impair the obligation of the lease contract. See, also, Lake Superior Consolidated Iron Mines v. Lord, 271 U.S. 577, 46 S.Ct. 627, 70 L.Ed. 1093. Our view that the Legislature may validly declare the owners of royalty interests in the oil produced to be engaged in the business or occupation of producing oil for the purpose of levying the occupation tax against them is fully expressed in the companion case, with citation of authorities which we construe as sustaining that view. That view need not be reiterated here.

We find no error in the judgment of the trial court holding the tax act to be constitutional and dismissing appellants' suit for a refund of the taxes paid, and it will be affirmed.

Affirmed.