## UTILITIES NATURAL GAS CO. v. STATE.

### No. 8698.

Court of Civil Appeals of Texas. Austin.

June 22, 1938.

Rehearing Denied July 13, 1938.

928

Scott Hughes and Willis L. Lea, Jr., both of Dallas, for appellant.

Wm. McCraw, Atty. Gen., John J. McKay, Asst. Atty. Gen., and Charles N. Avery, Jr., of Austin, for the State.

BLAIR, Justice.

Appellee, State of Texas, sued appellant, Utilities Natural Gas Company, to recover occupation taxes and penalties due under the terms of Art. 7060, R.S.1925, as amended, Vernon's Ann.Civ.St. art. 7060. Appellant's sole defense was that its occupation or business did not come within the definition or terms of the taxing statute. The trial below resulted in judgment for the State as prayed; which judgment we affirm.

Appellant is a Delaware corporation with a permit to do business in Texas. It owns and operates a natural gas producing, gathering, and transmission by pipe system in Refugio and Victoria Counties, Texas. Its pipe line system has its terminus in the city of Victoria where it sells and delivers all of its gas to one customer, Central Power and Light Company, under a long term contract for a certain price. The Power Company uses all of the gas to produce steam for the operation of its electric generating plant. Appellant has no franchise from the city of Victoria, and its pipe line does not cross any street or alley in the city; but its single pipe line, through which it sells and delivers gas to its one customer, enters the city limits on or over the customer's property.

Article 7060, as amended in 1930 (Acts 1930, 41st Leg., 5th Called Session, p. 168, c. 34, § 1), imposes the tax upon the following: "Each individual, company, corporation or association, owning, operating or managing or controlling any gas, electric light, electric power or water works, or water and light plant, located within any incorporated town or city in this State, and used for local sale and distribution in said town or city * * *."

A certain percentage of "the gross amount received from such business done in each such incorporated city or town" is fixed as the "occupation tax" due. The statute further provides that: "Nothing herein shall be construed to require payment of the tax on gross receipts herein levied more than once on the same commodity, and where the commodity is produced by one individual, company, corporation or association, and distributed by another, the tax shall be paid by the distributor alone."

The sole contention of appellant is that it is not a "gas plant" within the meaning of the term as used in the statute, because it only owns and operates a single pipe line and sells gas to only one customer within the city of Victoria. We have reached the conclusion that when the statute is construed from its four corners and in the light of the purpose of its enactment, it cannot be so limited.

It is true the statute designates the tax as "an occupation tax," but it clearly ap-

pears from the language used that the tax is an excise laid on businesses "owning, operating or managing or controlling any gas * * * plant * * * within any incorporated town or city * * * for local sale and distribution * * * of gas." Group No. 1 Oil Corp. v. Sheppard, Tex.Civ.App., 89 S.W.2d 1021, error ref.; Trustees of Cook's Estate v. Sheppard, Tex. Civ.App., 89 S.W.2d 1026, error ref., affirmed by the Supreme Court of the United States, Barwise v. Sheppard, 299 U.S. 33, 57 S.Ct. 70, 81 L.Ed. 23. It also clearly appears from the language of the statute that the legislature intended to tax the business undertaking or enterprise and not the method or manner of conducting it, because the statute does not undertake to define in any manner the term "gas plant" as indicative of the business sought to be taxed. Peerless Carbon Black Co. v. Sheppard, Tex.Civ.App., 113 S.W.2d 996, error ref. In consequence, the term "gas plant" as used in the statute includes any method or manner whereby the business of selling and distributing gas is carried on within any incorporated city or town. Dallas Gas Co. v. State, Tex.Civ.App., 261 S.W. 1063, error ref.

In 3 Bouv. Law Dict., Rawle's Third Revision, p. 2597, the word or term "plant" is defined as being "the furnitures and tools necessary to carry on any trade or mechanical business." A highly complex or elaborate system is not necessary, but the most simple system whereby the business of selling and distributing gas to local trade within any incorporated city or town will suffice under the taxing statute as a gas plant. Under this rule the pipe line system and apparatus of appellant located in the city of Victoria, whereby it sells and delivers gas to local trade, constitutes its gas plant by and through which it carries on its gas business in said city, and such is the business intended to be taxed by the statute.

In arguing to its point appellant contends that its single pipe line and single customer business does not constitute a "gas plant" when considered in the light of the provision of the taxing statute which imposes the tax on gas plants: 1) "located within any incorporated town or city"; and 2) "used for local sale and distribution in said town or city" of gas. As already held the tax is not imposed on the plant, or method or manner of conducting the gas business, but is laid on businesses engaged in selling and

distributing or delivering gas to local trade within any incorporated town or city. Appellant has its pipe line in the city of Victoria by and through which it sells and distributes gas to its one customer. It is there that the sale and delivery of the gas is made and appellant has there all pipes and equipment necessary to carry on its business of selling and distributing gas to local trade within said city, and such is the business intended to be taxed by the statute.

Nor do we agree that the language of the statute which most aptly describes the business or occupation intended to be taxed is the provision which imposes the tax on gas plants "used for local sale and distribution in said town or city" of gas; nor that the single pipe line and single customer business of appellant does not come within such classification. In making this contention appellant cites the definition of the word "distribute" as meaning "to divide among several or many." The term "sale and distribution" is used in the statute, and the word "distribution" is used in the sense of delivery. That is, the term "sale and distribution" imports a delivery of the gas within the city to any person or persons purchasing the same. There is nothing in the statute which would indicate that the legislature intended by the language used to impose the tax only on a business selling and distributing or delivering gas to two or more local users or consumers. Such an interpretation of the language can only be reached by singling out and giving to the word "distribution" the one meaning suggested by appellant, whereas it has many meanings and uses, and the rules of statutory construction require that a statute be construed from its four corners and not by singling out a particular word or phrase. When so construed the taxing statute clearly provides that the tax shall be paid by any business or occupation which sells and distributes or delivers gas to any local user or customer. That the one selling or delivering to the local user or consumer is to pay the tax is made evident by the provision of the last above quoted paragraph of the statute, which provides that the tax shall be paid only once and by the business which sells and delivers it to the local user or consumer. Appellant sells and distributes or delivers all of its gas to one local user or consumer in the city of Victoria, which consumer uses all of the gas and does not resell or distribute it to others for use or consumption. Appellant admits

that if it sells and delivers gas to more than one customer, it becomes responsible for the tax. From this admission it clearly appears that the sole distinction for not imposing the tax on appellant is based upon the number of users or customers of a gas business, whereas the statute makes no such distinction, but the language of the act clearly shows that the legislature intended to impose the tax on any business selling and distributing gas to local trade, and without any reference to the number of users or customers the business may have, or the amount or volume of business done. And if appellant's construction of the statute were adopted, it would lead to unfairness and inequality. It would be unfair because a business with a single customer could easily be more lucrative than one with two or more customers, due to extra outlay necessary for serving several customers. It would bring about inequality in taxation because there can be no essential difference between a gas business with only one customer and one having only two customers in so far as both are engaged in carrying on the business of selling and distributing or delivering gas, which is the business intended to be taxed by the statute. State v. Hogg, 123 Tex. 568, 70 S.W.2d 699, 72 S.W.2d 593.

The judgment of the trial court is affirmed.

Affirmed.