UTILITIES NATURAL GAS COMPANY V. THE STATE OF TEXAS.

No. 7484. Decided June 7, 1939.
(128 S. W., 2d Series, 1153.)

314

· *Scott Hughes* and *Willis L. Lea, Jr.,* both of Dallas, *Greenwood, Moody & Robertson,* of Austin, for Plaintiff in error.

Article 7060, R. S. 1925, as amended, does not levy a tax upon any company that does not own or operate, etc., any gas, etc., plant located within any incorporated town or city in this State, and the undisputed evidence showed that all of the plant of the Utilities Company except a few feet of its pipe line was located outside of the limits of the City of Victoria. Nor does said statute levy any tax upon any company not engaged in making local sale of gas within an incorporated town or city, nor a company not engaged in the local distribution of gas in a town or city. Franklin Life Ins. Co. v. Hall, 112 Texas 332, 247 S. W. 822; Nalle v. City of Austin, 85 Texas 520, 22 S. W. 668; Yellow Cab Co. v. Pengilly, 11 S. W. (2d) 560.

*William McCraw,* Attorney General, *John J. McKay,* Assistant Attorney General, for defendant in error—State of Texas.

Under Article 7060, R. S. 1925, as amended, the Utilities Company is subject to the tax levied by that article as a gas company owning "gas works located within any incorporated town or city in this State, and used for local sale and distribution in said town or city." Trimmier v. Carlton, 116 Texas 572, 296 S. W. 1070; State v. International & G. N. R. R. Co., 107 Texas 349, 179 S. W. 867; Randolph v. State, 9 Texas 521.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In this case, the State of Texas sues the plaintiff in error, Utilities Natural Gas Company, to recover the occupation

tax provided in Article 7060 of the Revised Statutes as amended in 1936 (Acts of 44th Leg., 3rd Called Session, Chap. 495), which statute, as amended, will be set out in this opinion. The case was tried without a jury, resulting in a judgment for the State. That judgment has been affirmed by the Court of Civil Appeals. (118 S. W. (2d) 927). The said Gas Company has been granted the writ of error.

The facts are undisputed. They are set out in the conclusions of Law and Fact made by the trial court in the following words:

"1.

"The Utilities Natural Gas Company is a corporation duly incorporated under the Laws of the State of Delaware and doing business in the State of Texas under a permit duly issued by the Secretary of State of said State of Texas.

"2.

"The defendant owns and operates a natural gas producing, gathering and transmission system located in the Counties of Refugio and Victoria, Texas, no part of which system is located within the limits of any incorporated city or town in the State of Texas, except as hereinafter specifically set forth.

"3.

"The defendant does not sell or distribute gas to the public generally. The defendant's principal customer and the source of substantially all of its revenue is the Central Power & Light Company. Defendant sells gas to such Company under a long term written contract.

"4.

"The premises and plant of said Central Power & Light Company are adjoining and adjacent to the city limits of the town of Victoria, Texas, but are within said city limits. The point of delivery and sale for gas sold by defendant to said Central Power & Light Company, as fixed by said written contract, is on the premises of said Power Company. Defendant owns a pipe line extending from a point outside of the city limits of Victoria, Texas, to said point of delivery, such pipe line however, enters the city limits directly on the premises of the Central Power & Light Company and does not cross any street, alley, or other public place within said City. Defendant has no franchise entitling or permitting it to cross, use or occupy any of the streets, alleys, or other public places in the City of Victoria, Texas, nor does the defendant have, claim or use any easement rights permitting it to cross, use or occupy any private lands within such city rather than the

said premises of the Central Power & Light Company. Defendant's pipe line or appurtenances have never so crossed, used or occupied any of such alleys, streets, or other public places, or any other private lands within the City of Victoria, Texas.

"5.

"All of the gas so sold and delivered by the defendant to the Central Power & Light Company is utilized and burned by such purchaser as fuel to produce steam for its electric generating plant. The gas has never been resold, distributed, or otherwise disposed of by said purchaser and the above mentioned contract which defendant has with the Central Power & Light Company, in Section 7 of Article I provides as follows:

" 'Section 7: Use of Gas: The gas supplied under the terms and provisions hereof shall be used solely on the said premises of the Power Company, and shall not be otherwise disposed of or used by any other party.'

"6.

"The City of Victoria, Texas, is an incorporated town and, according to the last United States Census (to-wit, 1930), the population was 7,421.

"7.

"From January 1, 1931, through October 31, 1936, the defendant sold and delivered to said Central Power & Light Company, as above alleged, 4,697,678,000 cubic feet of gas and received in payment therefor the sum of $642,959.63. From November 1, 1936, through March 31, 1937, the defendant sold and delivered to said Central Power & Light Company, as above alleged, 218,966,000 cubic feet of gas and received in payment therefor the sum of $28,455.58.

"8.

"With respect to said sale and deliveries of gas to the Central Power & Light Company, the defendant has not made the quarterly reports nor paid the occupation taxes provided for in Article 7060 of the Revised Civil Statutes of Texas, as amended by Act of the 41st Legislature, Fifth Called Session, Page 168, Chapter 34, Section 1, and as amended by Act of the 44th Legislature, Third Called Session, Page 2040, Chapter 495, Article 4, Section 3."

The statute under which the State seeks a recovery reads as follows:

"Art. 7060. Each individual, company, corporation or association, owning, operating or managing or controlling any gas, electric light, electric power or water works, or water and light

plant, located within any incorporated town or city in this State, and used for local sale and distribution in said town or city, and charging for such gas, electric lights, electric power or water, shall make quarterly, on the first days of January, April, July and October of each year, a report to the Comptroller under oath of the individual or of the president, treasurer or superintendent of such company, corporation or association showing the gross amount received from such business done in each such incorporated city or town within this State in the payment of charges for such gas, electric lights, electric power or water for the quarter next preceding. Said individual, company, corporation or association, at the time of making said report for any such incorporated town or city of twenty-five hundred (2500) inhabitants and less than ten thousand (10,000) inhabitants, according to the last United States Census next preceding the filing of said report, shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date equal to seven-tenths of one per cent (0.7 of 1%) of said gross receipts, as shown by said report; and for any incorporated town or city of ten thousand (10,000) inhabitants or more, according to the last United States Census next preceding the filing of said report, the said individual, company, corporation or association, at the time of making said report, shall pay to the Treasurer of this State an occupation tax for the quarter beginning on said date an amount equal to one and three-eights per cent (1 3/8%) of said gross receipts, as shown by said report. Nothing herein shall apply to any such gas, electric light, power or water works or water and light plant within this State owned and operated by any city or town, nor to any County or Water Improvement or Conservation District. Nothing herein shall be construed to require payment of the tax on gross receipts herein levied more than once on the same commodity, and where the commodity is produced by one individual, company, corporation or association, and distributed by another, the tax shall be paid by the distributor alone.

"No city or other political subdivision of this State, by virtue of its taxing power, police power or otherwise shall impose an occupation tax or charge of any sort for the privilege of doing business upon any person, corporation or association required to pay an occupation tax under this Article, provided that nothing in this Article shall be construed to prohibit the collection of any tax now imposed by a franchise, and provided further that this Article shall not affect any contracts now in

existence or hereafter made between a city and the holder of a franchise."

■ The main object of this statute is the laying of an occupation tax against those who engage in a business of the character defined in the statute. The subject matter in respect to which the tax is imposed is a business bearing the characteristic marks specified in the statute. With reference to the business of a gas company, these characteristic marks include, among others which need not be noticed at this time, a gas-works located in any incorporated town or city in this State which is "used for local sale and distribution" of gas in said city or town. The question in dispute is whether or not the portion of the pipe line, belonging to the plaintiff in error, which lies within the territorial boundaries of the City of Victoria, constitutes a gas-works which is contemplated by the statute. The contention is made that it does not, for the reason that such pipe line is not "used for local sale and distribution" of gas in the city as the statute contemplates. The determination of this contention requires us to interpret the language just quoted from the statute. We have no doubt that, under the undisputed facts, the portion of the pipe line involved is used by the plaintiff in error for effecting a "local sale" of gas in the City of Victoria, but we are not convinced that same is used for the "distribution" in the city of the gas sold. A conclusion in this last mentioned respect depends on the meaning of the term "distribution" as same is used in this clause of the statute. It is claimed that the Legislature used this term as meaning the same thing as the word "delivery" or as the word "disposal." If such be true then, of course, the sale of gas by the plaintiff in error to the purchaser, the Central Power and Light Company, which was concluded by delivering the gas to said purchaser, in the City of Victoria, by means of the portion of the pipe line in question, included a "distribution" within the meaning of that term as used in the statute. But considered in the light of the provisions of the statute, as a whole, we have no doubt that the simple fact that a delivery of gas is made in the city, by means of said pipe line, to a single customer, and to nobody else, was not intended by the Legislature to be comprehended by the term "distribution" as used. This term as used does not mean the transfer of the possession of gas, by means of the pipe line, to a single purchaser where such purchaser is the only customer to whom the gas company sells gas in the city. It means the transfer of possession of gas to various individuals or concerns

in the city. Any other construction of the term would, in our opinion, involve a departure from the legislative intent.

■ Since, therefore, the use of "gas-works," in a city or town in this State, for the distribution of gas in said city or town is, by the statute, made an essential characteristic of the business taxed, it follows that the business in which the plaintiff in error is engaged, as disclosed by the undisputed facts, is not subject to the tax which this statute provides.

The judgment of the trial court and that of the Court of Civil Appeals are reversed and judgment is here rendered for the plaintiff in error.

Opinion adopted by the Supreme Court, June 7, 1939.