## STANOLIND OIL & GAS CO. v. TERRELL.
### No. 11649.

Court of Civil Appeals of Texas. Galveston.
Nov. 2, 1944.

Rehearing Denied Dec. 7, 1944.

Turner, Rodgers & Winn, Carlton R. Winn, and George S. Terry, all of Dallas (Donald Campbell and L. A. Thompson, both of Tulsa, Okl., of counsel), for appellant.

Baker, Botts, Andrews & Wharton and Norman M. West, all of Houston, for appellee.

CODY, Justice.

On April 29, 1939, appellee and her deceased husband, Roy Terrell, owned an undivided ⅔ of the fee simple estate in a 640 acre tract in Galveston County. John A. Hulen owned the remaining ⅓. On that day Roy Terrell and John A. Hulen executed an oil and mineral lease on said tract to the original lessee named in the lease, who assigned it to appellant. Since that time Roy Terrell has died, and appellee has qualified as his independent executrix. Hereafter no attempt will be made to preserve the distinction between the interest of appellee before and after her husband's death.

This action was brought by appellee to recover ⅔ of the balance alleged to

be due and unpaid on an oil-payment provision contained in the aforesaid lease. This ⅔ of the balance was alleged to be $1,334.95. The oil-payment provision of the lease, declared upon by appellee in her petition, reads:

"In addition to the royalties hereinabove stipulated, there shall be paid to the lessors from the proceeds of the sale of one-eighth of the total oil, * * * when and if produced, saved and sold, the net sum of Sixty Four Thousand Dollars ($64,-000.00) without deduction of any kind or character; * * *."

Appellant's defense to the action was that the $1,334.95, sued for by appellee as her share of the allegedly unpaid balance of the oil-payment bonus, was the amount of the gross production tax on her share of the oil-payment, and was by appellant deducted and paid to the State Comptroller as required by the gross production tax statute Vernon's Ann.Rev.Civ.St. Art. 7057a. And appellant further pled by way of defense that the oil-payment provision was ambiguous, and that the lease was prepared by appellee's attorneys, and that such provision would reasonably bear the construction that the gross production tax was to be deducted from said $64,000 payment and should be construed most strongly against appellee. Appellant further pled that the parties had themselves placed a practical construction upon such ambiguous provision, and under that construction the gross production tax was in fact deducted from the $64,000 oil-payment. Appellant further pled that, at all events, the terms of the oil-payment provision of the lease was modified by a subsequent contract of the parties, to-wit: a division order addressed to appellant, and signed by the lessors in the lease. That, among other provisions of the division order, it was provided: "Settlements and payments shall be made monthly for oil received and purchased during the preceding month * * * a * * * to the respective parties, respectively, less any taxes required by law to be deducted and paid by you (Stanolind) as purchaser." And that, by force of such division order, appellant was authorized to pay the gross production tax due by lessors on their share of the production, and to deduct the same from payments due them, including the payments due them for the purchase of the oil subject to the oil-payment bonus. And therefore the provision against deducting the gross production tax from the $64,000 pay-

ment, if the lease in fact originally so provided, was by contract changed, or waived.

The case was tried without a jury, virtually upon an agreed statement of facts, which consisted practically of documentary evidence. On May 5, 1944, the court rendered judgment for appellee against appellant for the $1,334.95 sued for, together with interest from said date at the rate of six per cent per annum.

### Opinion.

We have no difficulty in holding that the evidence was sufficient to warrant the court's judgment.

■ The lessors were, of course, primarily liable for the payment of the gross production tax on the oil-payment bonus. And the payment thereof as a tax was not a proper charge against the Stanolind, though the Stanolind was required by Art. 7057a to deduct such tax and pay it to the Comptroller. Sheppard v. Stanolind Oil & ·Gas Co., Tex.Civ.App., 125 S.W. 2d 643, writ refused. But the parties could by contract provide that, in arriving at the purchase price which should be paid the lessors, no deduction on account of the gross production tax should be allowed. This the oil-payment provision of the lease does in apt language—"In addition to the royalties * * * there shall be paid to the lessors from the proceeds of the sale of one-eighth (⅛) of the total oil * *, when and if produced, saved and sold, the net sum of Sixty Four Thousand Dollars ($64,000.00) without deduction of any kind or character." What other deduction besides the gross production tax, if any, the parties to the agreement may have intended to exclude, is not made to appear. The language is broad enough to exclude deductions of any kind by the owner of the working-interest, which constituted a cost of production. But the intention to exclude deduction of the gross production tax from the net sum of $64,-000 is manifested as clearly as if the provisions of Art. 7057a were copied into the provision. " 'The laws which subsist at the time and place of the making of the contract and where it is to be performed * * * enter into and form a part of it, as if they were expressly referred to, or incorporated in its terms.' Smith v. Elliott & Deats, 39 Tex. 201; Kerr v. Galloway, 94 Tex. 641, 646, 64 S.W. [858], 860; McCracken v. Hayward, 2 How. [608], 612, 11 L.Ed. 397; Cook v.

Moffat, 5 How. [295], 315, 12 L.Ed. [159], 169; West River Bridge v. Dix, 6 How. [507], 540, 12 L.Ed. [535], 548." Winder Brothers v. Sterling, 118 Tex. 268, 271, 12 S.W.2d 127, 128 (opinion by Commission of Appeals, adopted by Supreme Court).

■ Appellant insists it is no more reasonable to hold that it was under the contractual obligation to pay the $64,000 without deduction therefrom on account of the gross production taxes it had paid thereon, than it would be to hold that it was under the like contractual obligation to pay the ad valorem taxes on the oil-payment. Of course, ad valorem taxes are not one of the costs of producing oil, and a lessor may not be as likely to attempt to require a lessee to pay them as the production tax. But we take it that appellant advances this argument seriously, and will point out in answer: That there is no law requiring deductions to be made from the proceeds of the sale of oil production for the payment of the ad valorem taxes due upon a royalty interest by the first purchaser, and was not at the time the lease was made. The ad valorem tax laws are not so tied in with the production of oil as to make ad valorem taxes one of the costs of producing oil. Hence the provision that "there shall be paid to the lessors from the proceeds of the sale * * * the net sum of Sixty Four Thousand Dollars ($64,000.00) without deductions of any kind or character," is not so framed as to require the lessee to pay them. Appellant obligated itself to pay the oil-payment of $64,000, without deduction of any kind, inclusive of the gross production taxes chargeable by Art. 7057a against the interest of the production of the lessors. We say that appellant so obligated itself, because its own evidence shows that the original lessee was merely its agent to obtain the lease. Appellant must have known that in taking the lease, and by getting production thereunder, that it was bound to pay the $64,000 oil-payment without any deduction by reason of payment of the gross production taxes, for the provision is not, in our opinion, reasonably open to any other construction.

■ But if we are wrong in this conclusion, and the meaning of the clause be ambiguous as expressed, then the meaning of the provision as understood between the parties was a question of fact, and the court here trying the case without a jury has determined the fact against appellant. See Ellison v. Kennedy, Tex. Civ.App., 128 S.W.2d 842 writ refused; W. C. Tyrrell Trust v. Lovell, Tex.Civ. App., 16 S.W.2d 880; Taliaferro v. Cundiff, 33 Tex. 415.

■ A division order is ordinarily the contract under which the production is purchased or accepted for transportation by the pipe line company. See Thuss on Oil & Gas, p. 174; Hogg v. Magnolia Petroleum Co., Tex.Com.App., 267 S.W. 482. The division order signed by the lessors Roy Terrell and John A. Hulen on June 6, 1940, and the subsequent like division order signed after Roy Terrell's death, had for its predominant purpose the sale of the production to appellant. We find no basis whatever for holding that it evidenced, or provided for, any change in the purchase price or consideration which the lessee was obligated to pay the lessors by the terms of the lease. It recites that appellant is the owner of the 7/8 working-interest, subject to the $64,000 oil-payment, 2/3 to Terrell and 1/3 to Hulen. It further recites that Terrell owns 2/3 of the 1/8 royalty interest, and Hulen 1/3 of the 1/8 royalty interest. There is nothing contractual in these recitations, they merely reflect the interest of the parties as created by the lease.

The provision of the division order, so strongly relied on by appellant, relates only to the sale of the production which the lessors owned in virtue of the terms of the lease. We here repeat such provision: "Settlements and payments shall be made monthly for oil received and purchased during the preceding month * * to the respective parties, respectively, less any taxes required by law to be deducted and paid by you (Stanolind) *as purchaser*." (Emphasis ours). It is not intended by such provision in the division order to affect appellant's obligation as *lessee*.

By force of the gross production statute aforesaid the first purchaser, Stanolind, was bound to deduct the gross production taxes when purchasing the oil. In consenting to accept the deductions referred to in the division order, appellee merely consented to appellant doing what the law imposed on appellant as first *purchaser*. Appellee had no right under the statute not thus to acquiesce. But appellee's acceptance of appellant as buyer of her oil, and of the provision for the deduction by appellant as first purchaser,

of the production tax from the purchase price of the oil, which the statute itself required, did not change her right under the lease contract to be paid by appellant, in its capacity as operator under the lease, the oil-payment bonus specified therein to be paid to the lessors. The manifest purpose of the parties was to require the lessee to pay the production tax on the oil-payment.

The court did not err in the judgment rendered, and the judgment is affirmed.

Affirmed.