## CITIES SERVICE OIL CO. v. McCRORY.
### No. 14730.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 21, 1945.

H. J. Patterson and Cecil C. Cammack, both of Houston (A. Mills Ebright and Hayes McCoy, both of Bartlesville, Okla., of counsel), for appellant.

E. C. deMontel and A. H. Britain, both of Wichita Falls, for appellee.

McDONALD, Chief Justice.

Appellee executed and delivered to appellant an oil and gas lease which, in addition to reserving the usual one-eighth royalty, reserved what is commonly known as an oil payment, the latter being provided for in a clause reading as follows:

"As a part and parcel of this lease, Lessor hereby reserves unto himself, his successors or assigns, an undivided one-eighth (⅛th) interest in the leasehold estate herein demised, together with the right to receive, free of cost or expense of development or operation of the leased premises, one-eighth (⅛th) of the seven-eights (⅞ths) Working Interest oil and/or gas produced, saved and sold from the leasehold premises until, from the proceeds from the sale of such oil and/or gas, Lessor shall have received the sum of Twenty-eight Thousand Dollars ($28,000.-00), it being understood that when Lessor shall have received said sum in the amount above specified, Lessor's interest reserved herein shall terminate and be vested in Lessee, its successors or assigns, herein. Said interest hereby reserved shall be delivered in the pipe line, or pipe lines, to which the Lessee may connect their well or wells, to the credit of the Lessor, it being further understood that the Lessee, or its successors or assigns, shall not be personally liable to the Lessor, his successors or assigns, for the payment of the said sum of Twenty-eight Thousand Dollars ($28,000.00), but that Lessor shall be entitled to receive said sum only in the manner herein provided."

The controversy here is whether lessor or lessee should pay the gross production tax allocable to the oil so reserved. Article 7057a, Vernon's Annotated Civil Statutes

The tax is levied on the "producer" of oil. Under Section 1 a producer is defined as "any person owning, controlling, managing or leasing any oil well and/or any person who produces in any manner any oil by taking it from the earth or waters in this State, and shall include any person owning any royalty or other interest in any oil or its value whether produced by him, or by some other person on his behalf, either by lease, contract or otherwise." It has been held, and it is here conceded by the lessor, that one owning a so-called oil payment of the kind created in the present lease comes within the definition of the term producer. Sheppard v. Stanolind Oil & Gas Co., Tex.Civ. App., 125 S.W.2d 643, writ refused. It has also been held, and it is conceded by the lessee, that, as between the parties to the lease, the primary burden of paying the tax may be shifted by contract from the owner of the oil payment to the lessee. Stanolind Oil & Gas Co. v. Terrell, Tex. Civ.App., 183 S.W.2d 743, 744, writ refused. In the case last cited it is said:

"The lessors were, of course, primarily liable for the payment of the gross production tax on the oil-payment bonus. And the payment thereof as a tax was not a proper charge against the Stanolind, though the Stanolind was required by Art. 7057a to deduct such tax and pay it to the Comptroller. Sheppard v. Stanolind Oil & Gas Co., Tex.Civ.App., 125 S.W.2d 643, writ refused. But the parties could by contract provide that, in arriving at the purchase price which should be paid the lessors, no deduction on account of the gross production tax should be allowed."

The question which we are called upon to decide is therefore whether or not the terms of the lease before us, including the language of the clause reserving the oil payment, shifted the burden of the tax, as between the parties, from the lessor to the lessee. The particular phrase which must be interpreted is, "free of cost or expense of development or operation of the leased premises." Does this phrase include the gross production tax? In our opinion it does not.

In Fain-McGaha Oil Corp. v. Murko Oil & Royalty Co., 128 Tex. 646, 101 S.W.2d 547, the owner of a lease assigned a two-thirds undivided interest therein. The assignment provided that the assignee should "pay all the expenses necessary in the development and operation of said lease for

the production of oil and gas therefrom." The assignor contended that by reason of such provision the assignee should pay the portion of the gross production tax attributable to the assignor. It was held that the phrase just quoted referred to expenses incurred in producing the oil and conveying it to the pipe line, and not to the gross production tax. Although the lessor in the present case argues in his brief that the opinion in the Fain-McGaha case is not decisive of the question here, it seems to us that the case is in point.

The lessor relies on Stanolind Oil & Gas Co. v. Terrell, 183 S.W.2d 743, 745, cited supra, and says that it is conclusive authority in support of the position he takes in the present case. There the clause reserving the oil payment provided that lessor should have the sum of $64,000 "without deduction of any kind or character." The court held that the parties, by employing such broad language, must have intended to exclude the gross production tax from the sum of $64,000. The language in the lease now before us is not, as we see it, as broad as that contained in the lease in the Stanolind case, but is more nearly like that contained in the lease in the Fain-McGaha case.

The lessor also argues that we should construe the language of the oil payment reservation not merely from the language contained in that clause, but in the light of all the language contained in the lease as a whole. He points out that in the clause reserving the usual one-eighth royalty, we encounter the phrase "free of cost," while in the clause reserving the oil payment we find a broader clause, "free of cost or expense of development or operation." He contends that the parties, by adding to the phrase "free of cost" the additional words "or expense of development or operation" in the oil payment clause, must have intended by the use of the added language something that was not included in the "free of cost" phrase. If there is any difference in the meaning of the two phrases, and we think there is none, it might reasonably be thought that the longer phrase is the more limited in scope because the item "cost or expense" is expressly confined to "development or operation."

The lessor also argues that the gross production tax, being an occupation tax as held in State v. Humphrey, Tex.Civ. App., 159 S.W.2d 162, should be treated

as an expense of operation. We do not see the force of this contention. Within the contemplation of the statute the lessor, as the owner of the oil payment, is following the occupation of a producer of oil. Liability for the tax is primarily his. We do not believe that a contract providing that another shall pay costs of operation is sufficient to relieve the owner of the oil payment of primary liability for the tax and to shift it to the lessee.

Judgment of the trial court is reversed, and judgment here rendered for appellant, the lessee.