**McLEAN v. STANOLIND OIL & GAS CO.**

**No. 12272.**

Court of Civil Appeals of Texas. Galveston.

March 8, 1951.

Rehearing Denied March 29, 1951.

Williams & Thornton and Bryan F. Williams, all of Galveston, for appellant.

Fountain, Cox & Gaines and Joyce Cox, all of Houston, L. A. Thompson, Jr., of Tulsa, Okl., of counsel, for appellee.

MONTEITH, Chief Justice.

This suit was brought by appellant, Marrs McLean, for the recovery from appellee, Stanolind Oil & Gas Company, of $27,337.03, alleged to be due him by appellee, as a part of the consideration for the purchase of certain mineral interests in lands in Galveston County conveyed by appellant to Yount-Lee Oil Company under a contract which provided for the payment of a part of the consideration therefor from one-eighth of the gross amount of oil which might be produced from the lands covered by the conveyance. Appellee, the assignee of Yount-Lee Oil Company, withheld the amount sued for from appellant's oil payments alleged by him to be due under said contract of conveyance in reimbursement to itself of gross production taxes levied by the State of Texas upon the production of that portion of the oil devoted to the satisfaction of appellant's oil payments. Appellant also sought a judgment defining appellee's obligation under the said contract and declaring whether or not appellee should itself bear and reimburse appellant for the gross production

taxes imposed in the future upon the oil payment created under such contract.

In a trial before the court under stipulated facts, judgment was rendered in favor of appellee. While no findings of fact or conclusions of law were requested by the parties or filed by the court, the court in the judgment rendered held that:

"The gross production taxes levied against the oil payment interest owned by Marrs McLean under 7057a of the Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. Art. 7057a], were deducted from the proceeds payable to Marrs McLean by virtue of his said ownership as provided in said Article and the Court finds and concludes that Stanolind Oil and Gas Company is not bound by any agreement to pay and discharge said taxes for Marrs McLean."

Appellant relies for reversal on point of assigned error in which he complains of the action of the trial court in ruling that the contract declared upon by appellant does not obligate appellee to account to, and pay to, appellant the full value of the oil covered by the oil payment without any deduction therefrom to cover the gross production taxes imposed upon it.

By deed dated March 18, 1931, appellant, Marrs McLean, conveyed certain mineral interests in lands in Galveston County, Texas, then owned by him, to Yount-Lee Oil Company for a consideration of $500,-000.00 in cash, payable in specified installments, and a further amount of $2,000,-000.00 to be paid to him from one-eighth of the gross amount of oil which might be produced from the lands covered by the conveyance to the extent that payment thereof could be so made.

By written instrument dated July 31, 1935, Stanolind Oil & Gas Company acquired the interests of Yount-Lee Oil Company. It was stipulated by the parties that the purchaser of said oil interests had remitted to McLean the proceeds of one-eighth of the oil, without deduction for gross production taxes, until April 1, 1941, deducting the gross production taxes attributable to the production of said one-eighth from proceeds of Stanolind Oil and Gas Company's share of the oil before remitting to it. No protest was made by Stanolind Oil and Gas Company as to that procedure nor did it demand reimbursement from McLean and that, in result, Stanolind Oil and Gas Company bore the gross production taxes attributable to said one-eighth of production prior to April 1, 1941, but that, at about this time, Stanolind Oil and Gas Company took the position that the gross production tax payable on account of the production of the one-eighth was not its obligation; that subsequent to April 1, 1941, the purchaser of the oil deducted from the proceeds of one-eighth, before remitting to Marrs McLean, the gross production taxes attributable to the production of one-eighth. In result, subsequent to April 1, 1941, Stanolind Oil and Gas Company has claimed credit for payments on said oil payment to the extent of the proceeds of said one-eighth of production, and Marrs McLean has received said proceeds less the gross production taxes attributable to the production thereof. The value of one-eighth ($\frac{1}{8}$) of the oil produced during the months of April, 1941 to October, 1945, both inclusive, was Six Hundred and Forty-Four Thousand Three Hundred Fifty-Nine & 55/100 Dollars ($644,359.55) for which amount Stanolind Oil and Gas Company took credit on the oil payment though McLean was paid only Six Hundred and Seventeen Thousand Twenty-two and 52/100 Dollars ($617,022.52), the difference of Twenty-Seven Thousand Three Hundred Thirty-Seven & 03/100 Dollars ($27,337.-03) being the aggregate amount of the gross production taxes on such one-eighth ($\frac{1}{8}$) of the oil produced.

It was stipulated that beginning on April 1, 1941, and since that date, appellee made and withheld from its payments to appellant monthly deductions aggregating, up to October 1, 1947, the sum of $27,337.-03, claiming the right to deduct and withhold such amounts in reimbursement to itself for gross production taxes levied by the State of Texas upon the production of the oil devoted to the satisfaction of appellant's oil payment.

The sole question presented in the appeal seems to be whether appellee Stano-

lind is contractually bound to pay the gross production tax due the State of Texas on one-eighth of the gross amount of oil produced from the lands covered by the conveyance from appellee to the Yount-Lee Oil Company in the absence of an obligation in the assignment by appellant to pay such taxes.

The record does not reflect that the payment of these taxes was discussed by the parties prior to such conveyance, and the written lease assignments do not impose upon Stanolind Oil & Gas Company the liability to pay them.

Article 7057a, Sec. 2(3) has since 1933 provided that: "The purchaser of oil shall pay the tax on all oil purchased and deduct tax so paid from payment due producer or other interest holder, making such payments so deducted to the Comptroller of Public Accounts by legal tender or cashier's check payable to the State Treasurer. Provided, that if oil produced is not sold during the month in which produced, then said producer shall pay the tax at the same rate and in the manner as if said oil were sold."

In the case of R. Lacy, Inc. v. Jarrett, Tex.Civ.App., 214 S.W.2d 692, 694, under a state of facts similar in many respects to those in the instant case, the court, after construing the contract involved in that case as reserving the oil payment out of one-eighth of all the oil, said: "The judgment will be reformed to meet the complaint of appellant under the 4th point by adding to the decree as rendered that the $15,000 in oil to be delivered is that amount inclusive of such taxes levied or to be levied under the provisions of Art. 7057a, Vernon's Ann.Civ.St. The owners of such a production payment is liable to the State for his or her proportionate part of such taxes. Pettit v. Danciger Oil & Refining Co., Tex.Civ.App., 193 S.W.2d 282.''

In the case of Sheppard v. Stanolind Oil & Gas Company, Tex.Civ.App., 125 S. W.2d 643, 648, the court held that: " * * * the contract to pay up to the full amount of the oil bonus 'out of ⅛ of ⅝ of the oil first produced,' does not import an obligation to pay the production tax upon such oil which the statute clearly levies upon the person owning the oil bonus, that is, the owner of the right to the oil, its proceeds, or its value."

In the case of Trustees of Cook's Estate v. Sheppard, Tex.Civ.App., 89 S.W.2d 1026, 1027, writ refused, in which the royalty obligation was held to be " 'the equal one-eighth part of all oil produced' ", delivered " 'free of costs' ", the court held that the exaction of the tax from the royalty holder did not impair the existing contract, and that notwithstanding the fact that the lessee collected from the lessor the tax imposed on the lessor by the State, the lessor had complied with his contract to account for one-eighth of all the oil or its value.

In the case of Cities Service Oil Co. v. McCrory, Tex.Civ.App., 191 S.W.2d 791, 792, in which the facts are almost identical with the facts in the instant case, it was held that the provision for an oil payment from one-eighth of the seven-eighths working interest "free of cost or expense of development or operation of the leased premises" was held not to be an agreement by the assignee to pay the assignor's gross production taxes. In that case the Court said: "The lessor also argues that the gross production tax, being an occupation tax as held in State v. Humphrey, Tex. Civ.App., 159 S.W.2d 162, should be treated as an expense of operation. We do not see the force of this contention. Within the contemplation of the statute the lessor, as the owner of the oil payment, is following the occupation of a producer of oil. Liability for the tax is primarily his. We do not believe that a contract providing that another shall pay costs of operation, is sufficient to relieve the owner of the oil payment of primary liability for the tax and to shift it to the lessee."

The case of Pettit v. Danciger Oil & Refining Co., Tex.Civ.App., 193 S.W.2d 282, 283, involved an assignment which gave the assignor the privilege of paying taxes if the assignee did not, with the right to a lien to secure him in repayment. In that case the Court said: " * * * There is no language in the assignment ex-

pressly obligating the assignee, or holder of the production interest, to reimburse the holder of the $60,000 oil interest for taxes it advanced on such interest. Hence appellee, having advanced the payment as it was required to do, was entitled to retain for its reimbursement the amount so paid out of the proceeds of the oil."

The holdings in the following cases are in accord with the rule above announced: Fain-McGaha Oil Corporation v. Murko Oil & Royalty Company, 128 Tex. 646, 101 S.W.2d 547; Stanolind Oil & Gas Company v. Terrell, Tex.Civ.App., 183 S.W.2d 743; Stanolind Oil & Gas Company v. State, Tex.Civ.App., 199 S.W.2d 531; Firestone Tire & Rubber Company v. Fisk Tire Company, 131 Tex. 158, 113 S.W.2d 175; Richardson v. Hart, 143 Tex. 392, 185 S. W.2d 563, 564; and Highland Farms Corporation v. Fidelity Trust Company 125 Tex. 474, 82 S.W.2d 627.

The trial court has, we think, correctly disposed of all issues involved in this appeal. Its judgment will be, in all things, affirmed.