

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 4, 1960

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-810

Re: Applicability of the
Gross Receipts Tax pro-
vided for by Art. 11.03,
Title 122A, R.C.S., to
certain operations of
the Industrial Gas Supply
Corporation.

Dear Sir:

By letter dated January 5, 1960, you advise that the
Industrial Gas Supply Corporation is a distributor of gas to
a number of customers within the incorporated area of Houston,
Texas, and that one of their customers is the City of Houston's
Magnolia Park Gas Distribution System, the latter being the
final distributor of the gas it receives. In reference to
these facts, you ask whether the gross receipts tax provided
for by Article 11.03, Title 122A, Taxation-General, Tex.Rev.
Civ.Stat. (1925) (formerly codified as Art. 7060, V.A.C.S.)
is due on the receipts from the sales by Industrial to the
City of Houston.

The pertinent provisions of the Article in question are
as follows:

"(1) Each individual, company, corporation,
or association owning, operating, managing
or controlling any gas, electric light,
electric power, or water works, or water
and light plant, located within any in-
corporated town or city in this State, and
used for local sale and distribution in
said town or city, and charging for such
gas, electric lights, electric power, or
water, shall make quarterly, on the first
day of January, April, July and October of
each year, a report to the Comptroller under
oath of the individual, or of the president,
treasurer or superintendent of such company,
or corporation, or association showing the
gross amount received from such business done
in each such incorporated city or town within
this State in the payment of charges for such
gas, electric lights, electric power, or water

for the quarter next preceding . . . Nothing
herein shall apply to any such gas, electric
light, power or water works, or water and
light plant, within this State, owned and
operated by any city or town, nor to any
county or water improvement or conservation
district. . ."

"(2)  Nothing herein shall be construed to
require payment of the tax on gross receipts
herein levied more than once on the same
commodity, and where the commodity is produced
by one individual, company, corporation, or
association, and distributed by another, the tax
shall be paid by the distributor alone."

Note that the article imposes the tax on gas works used
for local sale and distribution, and is measured by the gross
amount received from such business "in the payment of charges
for such gas." The terms "local sale" and "distribution" are
not alternative, but cumulative. See Utilities Natural Gas
Company v. State, 133 Tex. 313, 128 S.W.2d 1153 (1939). In
the case just mentioned, "distribution" was held to require
more than an isolated sale within the corporate limits of a
city. In so holding, the Court stated at page 1155:

"This term as used does not mean the
transfer of the possession of gas, by means
of the pipe line, to a single purchaser
where such purchaser is the only customer
to whom the gas company sells gas in the
city. It means the transfer of possession
of gas to various individuals or concernes
in the city. Any other construction of
the term would, in our opinion, involve a
departure from the legislative intent."

The definition of "distribution" was added to by Eddins-Walcher
Butane Company v. Robert S. Calvert, 156 Tex. 587, 298 S.W.2d
93 (1957). In an opinion by Justice Walker, the Texas Supreme
Court held that the term "gas works", as used in Art. 7060,
V.A.C.S., meant (1) an establishment in which gas is manufactured,
produced or processed, or (2) a distribution system consisting
of pipes through which the gas flows and is delivered to the
premises of consumers. In light of these two cases, it is
submitted that "distribution" means transfer or possession of
gas to various consumer individuals or concerns in an in-
corporated city or town. Therefore, you are advised that the
term "charges for such gas", which modifies "gross amount
received from such business", which in turn refers to "local
sale and distribution," does not include the receipts from the
sale of the gas to the City of Houston's Magnolia Park Gas
Distribution System.

This conclusion is reinforced by an examination of the meaning and intent of section (2) of Article 11.03. In reference to the same provision in Art. 7060, V.A.C.S., the Court in the Eddins-Walcher case stated (p. 95):

> "It is expressly provided that the tax shall be levied only once on the same commodity, and that where the commodity is produced by one person and distributed by another, the tax shall be paid by the distributor alone." (Emphasis added.)

The City of Houston is the actual distributor of the gas in question. The fact that the city is expressly exempted by the Act cannot operate to shift the legal incidence of the tax.

### S U M M A R Y

The Industrial Gas Supply Corporation is not required to include receipts from the sale of gas to the City of Houston for distribution by the city's Magnolia Park Gas Distribution System in calculating gross receipts taxable under Article 11.03, Title 122A, Taxation-General, Tex.Rev.Civ.Stat. (1925).

Yours very truly,

WILL WILSON
Attorney General of Texas

By Jack N. Price
Jack N. Price
Assistant

JNP:cm

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman

Marietta McGregor Payne
Howard Mays
Jerry H. Roberts

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore