## United Laundries, Inc., et al. *v.* Board of Property Assessment, Appeals and Review, Appellant.

Argued March 23, 1948. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

196

*Edward G. Bothwell,* First Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor and *James M. Guffey,* Assistant County Solicitor, for appellant.

*Mahlon E. Lewis,* with him *Frank W. Ittel, John W. Wishart, Howard Zacharias, Peter Cooper* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE DREW, April 22, 1948:

These five appeals by the Board of Property Assessment, Appeals and Review of the County of Allegheny are from judgments of the Superior Court sustaining orders of the Court of Common Pleas which reduced the triennial assessments for the years 1945, 1946 and 1947 of the separate properties of four laundry companies and a carpet cleaning establishment.

The assessor, in assessing each of the industrial plants of the corporations here involved, included the value of the machinery and equipment, consisting of ironers,

tumblers, dryers, washers, extractors and pressers required in laundering articles of clothing, etc. and of rug beater, sewing machine, washing machine and wringer used exclusively for washing and cleaning rugs and carpets. Each taxable appealed to the Board, which refused to eliminate from the assessments the value placed upon this machinery and equipment. The property owners then appealed to the Court of Common Pleas, and that tribunal, holding that it was contrary to law to have included the value of the machinery and equipment, directed that such valuation be deleted from the assessments.

The Superior Court, on appeal, sustained the action of the court below. This Court then allowed the present appeals.

The sole question thus raised is: Are machinery and equipment of a commercial laundry and of a carpet cleaning company subject to assessment for the purpose of taxation by the Board of Property Assessment, Appeals and Review of the County of Allegheny, under the provisions of the Act of May 22, 1933, P. L. 853, art. II, §201, as amended by the Act of July 2, 1941, P. L. 219, §1. This paragraph of the statute provides, inter alia: "The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation . . .: (a) All real estate to wit: Houses, lands, lots of ground and ground rents, *mills and manufactories of all kinds,* furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, and *all other real estate not exempt by law from taxation. . . ."* (Italics added).

The Board concedes that appellees' plants are neither mills nor manufactories. It could not properly do otherwise, for obviously these plants do not fall under any of these statutory classifications. In defining a mill and manufactory, the learned court below correctly said that: "A mill and manufactory . . . is a building or collection of buildings containing machinery used in the making

or production of wares or material products, and manufacturing is the application of labor or skill to material whereby the original articles are changed to a new, different, and useful article." Appellees do not produce or make any articles whatsoever. The machinery and equipment are used solely for the purpose of washing clothes and other such articles and for cleaning rugs and carpet. See *Commonwealth v. McCrady-Rodgers Co.,* 316 Pa. 155, 174 A. 395; *Commonwealth v. John T. Dyer Quarry Co.,* 250 Pa. 589, 95 A. 797.

It is the contention of the Board, however, that the assessment of the machinery and equipment was proper under the general provision of the statute, to wit: "all other real estate not exempt by law from taxation." In other words, the Board argues that because of the so-called "assembled industrial plant doctrine", as enunciated in *Titus v. Poland Coal Co.,* 275 Pa. 431, 119 A. 540; *Commonwealth Trust Co. of Pittsburgh v. Harkins,* 312 Pa. 402, 167 A. 278; *Pennsylvania Chocolate Co. v. Hershey Bros.,* 316 Pa. 292, 175 A. 694; *Central Lithograph Co. v. Eatmor Chocolate Co. (No. 1),* 316 Pa. 300, 175 A. 697; *Roos v. Fairy Silk Mills,* 334 Pa. 305, 5 A. 2d 569; and *McClure v. Atlantic Rock Co., Inc.,* 339 Pa. 296, 14 A. 2d 124, the character of the machinery and equipment, as articles of personal property, is changed and they become part and parcel of the real estate to whose industrial use they are necessary, and are, therefore, taxable under this statute. This Court said, in *Titus v. Poland Coal Co.,* supra (pp. 436-7) : "The Pennsylvania rule is that a chattel placed in an industrial establishment for permanent use, and necessary to the operation of the plant, becomes a fixture and as such a part of the real estate, although not physically attached thereto; in other words, if the article, whether fast or loose, be indispensable in carrying on the specific business it becomes a part of the realty: Voorhis v. Freeman, 2 W. & S. 116; Pyle v. Pennock, 2 W. & S. 390; Morris's App., 88 Pa. 368, 383; Hill v. Sewald . . .[53 Pa. 271]; 26

C. J. 658, 659, 13 Am. and Eng. Enc. of Law (2d ed.) p. 611; 11 R. C. L. p. 1087, section 29."

That the so-called "assembled industrial plant doctrine" has always been used in assessing for taxation the specific subjects mentioned in the Act, such as "mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves", cannot be legally questioned. See *Defense Plant Corp. Tax Assess. Case,* 350 Pa. 520, 522, 39 A. 2d 713. That it was the legislative intent that that same doctrine was to be applied in assessing all industrial plants seems to us to be obvious. The statute specifically set forth certain subjects, and then, rather than attempt to enumerate all of the numerous types of industrial plants, the catch-all words, "all other real estate", were used. The Act does not contain the word "buildings", yet no one could seriously question the fact that they, when appurtenant to the land, properly are assessable and taxable, under the general term of "all other real estate." Clearly, it was the intendment of the Legislature also to cover and tax, under that same general term, machinery and equipment necessary to the operation of such plants as that of appellees. No legitimate distinction can be found anywhere between what constitutes an integral unit of real estate under the Act of 1933, as amended, and what constitutes an integral unit of real estate under the general property law of this Commonwealth, as stated in *Titus v. Poland Coal Co.,* supra.

The language contained in the statute here before us had its origin in the Act of April 15, 1834, P. L. 509, §4. There it was provided that the real estate subject to assessment was "All houses, lands, lots of ground and ground rents, mills and manufactories of all descriptions, all furnaces, forges, bloomeries, distilleries, sugarhouses, malt houses, breweries, tan-yards and ferries." Realizing that this Act did not fully cover the entire field of real estate desired to be assessed and taxed, the

Act of April 29, 1844, P. L. 486, §32, was enacted. It was there provided that "all real estate, to wit: houses, lands, lots of ground and ground rents, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar-houses, malt houses, breweries, tan yards, fisheries and ferries, wharves, *and all other real estate not exempt by law from taxation,* . . . shall be valued and assessed . . . for all state and county purposes." (Italics added.) The only logical reason for adding this latter portion to the statute was to make assessable and taxable all real estate of such plants as those of appellees under the "assembled industrial plant doctrine."

In *Patterson v. Delaware County,* 70 Pa. 381, the Act of 1844 came before us, and, in a per curiam opinion, we affirmed the judgment for the reasons given by the learned court below. That case is particularly significant, since the question there involved was whether or not the machinery of a cotton factory could be taxed, and the court below held that it could be, inasmuch as the machinery in question was real estate under the general provision of the statute, to-wit "all other real estate", as well as under the specific classification of "mills". There it was said (pp. 382-3) : "Language more comprehensive could not have been employed. After designating real estate in general terms, an attempt is made to enumerate the several descriptions or kinds, apparently for greater certainty; and then, as if fearful of having overlooked and omitted something that belongs to the class, general terms are again resorted to, that nothing may escape. And this act, it will be observed, differs in this respect from that of 1834—the latter closing with the enumeration of certain kinds of real estate; and the enumeration, also, falling short of that contained in the Act of 1844. And this difference is significant. The legislature evidently intended by the subsequent act to embrace all real estate of *every description.* That the property taxed in the case before us is *real estate,* is not, of course, doubted. But the plaintiff

thinks *this particular kind* of real estate was *not intended* to be taxed. He argues that the enumeration of certain kinds in the act, as 'houses, lands, lots of ground, ground-rents, mills,' etc., was to designate precisely what the legislature intended by the preceding terms 'all real estate', and that everything not embraced in this enumeration is excluded. But this view seems to overlook the very important language, before referred to, which follows the enumeration: 'all *other* real estate.' But suppose we adopt the plaintiff's view—that the operation of the Act of 1844 is to be confined to the several descriptions of real estate enumerated; what then? Does not the property here taxed fall within the enumeration? The machinery in a mill is as much a part of it as are the *walls*. As the Supreme Court has said in Gray v. Holdship, 17 S. & R. 413: 'the machinery, the wheels, stones, and even the bolting-cloths, are a part of the mill,' and *therefore* a part of the real estate . . . (p. 386). We cannot therefore, adopt the views of the able counsel who represent the plaintiff, whether we consider the general terms used in the act, or the special terms on which they rely."

It is well settled, as this Court held, in *Central Penna. Lumber Co.'s Appeal*, 232 Pa. 191, 194, 81 A. 204: ". . . there is no such thing as taxation by implication and that all authorities having to do with the valuation and assessment of land and the levy and collection of taxes must look to the statutes for their authority to act." To uphold the assessments of this machinery and equipment, as we here do, is not taxation by implication. It is simply a necessary application of the Act of 1933, as amended, to integral units of real estate.

For the reasons herein set forth, the judgments of the Superior Court and the orders of the Court of Common Pleas are reversed, and the record is remanded to the latter court so that it may enter proper orders reinstating the assessments in question.

DISSENTING OPINION BY MR. JUSTICE ALLEN M. STEARNE:

I would affirm the unanimous decision of the Superior Court in the opinion by Judge ARNOLD, reported in 161 Pa. Superior Ct. 412, affirming the opinion of Judge SOFFEL in the court below.

The machinery and equipment of a commercial laundry and of a carpet cleaning company, *not affixed to the land,* were taxed as part of the real estate. The Act of July 2, 1941 P. L. 219, section 1, subjects to taxation *"mills and manufactories"* as well as *"all other real estate not exempt by law from taxation"*. It is conceded that the machinery and equipment in this case are not part of and do not constitute "mills and manufactories". The tax is imposed *solely* because the real estate, machinery and equipment are regarded as *"other real estate not exempt from taxation"*.

As Judge ARNOLD points out in his opinion a tax statute must be strictly construed. There can be no taxation by implication. This machinery and equipment, which is personal property, did not form part of a mill or manufactory. To form part of *"other real estate"*, personal property must be affixed to the land as in the case of a fixture.

For these reasons I dissent.

Mr. Justice HORACE STERN joins in this dissent.