North Side Laundry Company, Appellant, *v.* Allegheny County Board of Property Assessment, Appeals and Review.

Argued January 12, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER, and CHIDSEY, JJ.

reargument refused April 9, 1951.

*Mahlon E. Lewis,* with him *Frank W. Ittel, John W. Wishart, Loyal H. Gregg,* and *Gwilym A. Price, Jr.,* for appellant.

*Leonard Boreman,* Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, March 19, 1951:

North Side Laundry Company, plaintiff, here questions the constitutionality of the action of the

Board of Property Assessment, Appeals and Review of Allegheny County, in including in the triennial assessment of plaintiff's realty for the years 1948, 1949 and 1950 certain equipment used in the plant. The learned court below and the Superior Court upheld the action of the Board on the authority of our decision in *United Laund. v. Board of Prop. Assess.*, 359 Pa. 195, 58 A. 2d 833. Because of the importance of the questions involved, the Superior Court certified the case to this Court under the Act of June 24, 1895, P. L. 212, §10, for our consideration and decision.

In the *United Laundries* case, supra, this plaintiff and four other laundries contended that, under the Act of May 22, 1933, P. L. 853, §201 as amended[1], their equipment, consisting of washers, dryers, tumblers, pressers, ironers, etc., was improperly included as a part of the real estate in the triennial assessment made by the Board for the years 1945, 1946, and 1947. We there held that a commercial laundry was an industrial plant within the meaning of the "assembled industrial plant doctrine" and the equipment was, therefore, a part of the real estate subject to assessment under the Act of 1933. In assessing plaintiff's real estate for the years 1948, 1949 and 1950 the Board, following our decision in that case, again included the laundry equipment in the assessment and plaintiff again appealed, this time basing its argument on the rule laid down in *Sunday Lake Iron Co. v. Wakefield*, 247 U.S. 350, 352, that "intentional systematic undervaluation by state officials of other taxable property in the same class

---

[1] "The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation . . .: (a) All real estate, to wit: Houses, lands, lots of ground and ground rents, mills and manufactories of all kinds, furnaces, forges bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, and all other real estate not exempt by law from taxation. . . ."

contravenes the constitutional right of one taxed upon the full value of his property." See also *Iowa-Des Moines Bank v. Bennett*, 284 U.S. 239; *Sioux City Bridge Co. v. Dakota County, Neb.*, 260 U.S. 441. The soundness of that rule is patent but plaintiff has failed completely to bring itself within the scope of it.

At the hearing plaintiff offered to prove that the equipment of other "industries", such as theaters, cab companies, service stations, automobile repair companies, restaurants, stores, office buildings, hotels, beauty shops, banks, and self-service laundries, were not included in their assessment and that they, as well as plaintiff, are service industries. From that plaintiff concludes that there is a systematic undervaluation of other taxable property in violation of the constitutional guarantees contained in the 14th amendment of the Constitution of the United States and Article IX, §1 of the Pennsylvania Constitution.

That argument is predicated in part on a misconception of our holding in the United Laundries case. We did not there hold that the personal property of an industry is subject to assessment under the Act of 1933. What we did hold was that a commercial laundry is an *industrial plant* and hence that the equipment necessary to its operation is real estate within the meaning of the Act of 1933. Therefore, the fact that the businesses to which plaintiff referred are sometimes generically called "industries" is irrelevant to the issue here raised. The question is whether their establishments are industrial plants.

The answer to that question is self-evident. By no stretch of the imagination could a bank building, a hotel, a theater or any of the other business establishments referred to by plaintiff be considered an industrial plant. It is true that we sometimes speak of "the movie industry", "the hotel industry" or "the banking industry", but that is merely a loose use of

language to convey the idea that the particular business is a sizeable one. In spite of that colloquialism, we do not speak of the buildings housing such businesses as "industrial plants". Plaintiff attempts to give to that phrase a legal meaning that goes far beyond anything that was contemplated by the Courts when they pronounced this rule and by the legislature when it adopted it in the Act of 1933. The law can do no better than to define an industrial plant as that type of establishment which the ordinary man thinks of as such. Certainly a commercial laundry comes within that definition but the other businesses here mentioned do not.

Plaintiff's last contention is that the assessment by the Board violates Article III, §20 of the Pennsylvania Constitution, which prohibits the delegation of the power to levy taxes to "any special commission". It is the position of plaintiff that by applying the "assembled industrial plant doctrine", the Board is given the power to determine what personal property shall be taxed as real estate. This argument is equally without merit. The Board merely assesses all real estate included in the Act of 1933 and, as we have previously stated, the equipment in plaintiff's laundry is real estate within the meaning of that Act. Furthermore, we stated in *Suermann v. Hadley*, 327 Pa. 190, 201, 193 A. 645: ". . . in execution of the tax law and to permit the levy of the tax, a base on which it is to be applied is found by the assessing authorities in accordance with a standard fixed by the legislature. The finding of that base is purely an executive function delegated to a municipal agency."

The assessment by the Board is in accordance with the Constitution of the United States, the Pennsylvania Constitution and the Act of 1933. Plaintiff's appeal was, therefore, properly dismissed.

Order affirmed.