## Cohen-Fein Company Appeal

*Elmer J. Harris*, for petitioner.

*Coughlin & Hughes*, for Luzerne County.

FLANNERY, J., July 29, 1952. — The Cohen-Fein Company obtained a rule upon the Tax Claim Bureau of Luzerne County to show cause why an assessment and tax lien entered for the year 1950 for a certain steel diner formerly situate on premises known as 683-85 Carey Avenue, Hanover Township, should not be stricken off and the lien thereof declared null and void. It is the theory of petitioners that the property is personalty.

Upon service of the rule the county authorities moved to dismiss for the reasons:

"1. The assessment of which complaint is made (set forth in paragraph 9 of the petition) shows on its face to have been made on the property of the owner of the real estate involved.

"2. The assessment of which complaint is made in the petition shows on its face to have been unappealed from."

This motion, which is now before us, defends the validity of the lien and at the same time attacks the procedure by which the taxpayer seeks to set it aside.

The pertinent section of the law governing assessments, General County Assessment Law of May 22, 1933, P. L. 853, as amended, sec. 201, 72 PS §5020-201, provides, inter alia:

"The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

"(a) All real estate to wit: Houses, lands, lots of ground and ground rents, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, and all other real estate not exempt by law from taxation."

The facts on which we are asked to pass in this motion are to be found in the petition for the rule to strike off the tax lien and assessment wherein it is averred:

"3. That your petitioner did demise and let the said premises to Herbert Brown, Frank J. Jejeunas and Francis M. Pozda for the purpose of placing thereon a certain movable steel diner.

"4. That under the terms of said lease it was provided as follows:

" 'It is agreed that upon the termination of the within lease or any renewal or extension thereof the leasees shall have the right to remove the said diner or any additions thereto, provided, however, that the lot shall be restored to its present condition, levelled and rolled.'

"5. That pursuant to said lease and agreement the said lessees did place on said premises a certain movable steel diner on or about December 1949.

"6. That said steel diner was purchased under conditional sales agreements from Kullman Dining Car Company, said agreements filed in the office of the prothonotary in and for Luzerne County, to no. 107, October term, 1949, and to no. 108, October term, 1949, being incorporated herein and made a part hereof by reference thereto.

"7. That under the terms of said lease and said conditional sales agreements, the said steel diner remained personal property at all times.

"8. That in fact on or about October 15, 1951, the said steel diner was removed from said premises.

"9. That your petitioner was notified that its assessment for the year 1950 was as follows:

```
"Hanover Township—Ward 4
  25-C-87-D-3-R-4-D1-1-D1-683-685
  Carey Avenue
  Lot Irr Pl Frt 102.5 x 165—$30.00- 3,075.00
  Lot 102.5 x 143          —  6.00   615.00
  Steel Diner 45 x 30              15,000.00
                                  _____
                                  $18,690.00"
```

If we construe defendant's motion as being in the nature of a demurrer then we must accept these averments of fact as verity.

"The demurrer admits every well-pleaded, material, relevant fact set forth in the pleading to which it is filed, every inference fairly deducible from the facts pleaded, and all facts of which the Court may take judicial notice": 2 Anderson Pa. Civil Practice, page 331.

We may reject, of course, such averments as constitute conclusions of law: Cohen v. Carol et al., 153 Pa. Superior Ct. 596; and we would so construe paragraph 7 of the rule which avers that the steel diner remained personal property at all times.

It is well settled that there is no such thing as taxation by implication and we must look to the statute

for our authority to tax: Central Pennsylvania Lumber Company's Appeal, 232 Pa. 191; United Laundries, Inc., et al. v. Board of Property Assessment, etc., 359 Pa. 195.

Taking the facts of the petition we can discover nothing in the act by which the structure can be specifically identified and we are left with the phrase "all other real estate not exempt by law from taxation." If this diner then is to be subject to the tax imposed it must come within the classification "other real estate."

The question raised here has been exhaustively treated in Mason Appeal, 75 D. & C. 1, wherein Sohn, J., speaking for the Beaver County Court, held that house trailers located on land of another and not permanently affixed thereto are not taxable as real estate. We are inclined to believe that the reasoning and conclusion of that opinion apply here and were the parties properly in court, we would adopt them as deciding the question raised in this case. But—and this is decisive —the parties are not properly in court.

It will be recalled that these proceedings were started by a rule to show cause. Speaking of such process, 2 Standard Pa. Practice 469, §22, says:

"Rule as Original Process.—A rule is not, except by statute, properly original process in any case, but is auxiliary and for the facilitating of jurisdiction already acquired. Before a Court can grant or enforce a rule against any party, it must have acquired jurisdiction over him by some regular and recognized legal process. The party must be in Court, within the contemplation of the law, either actually as party, or constructively as an officer of the Court."

The question has been considered in Pa. Turnpike Commission v. Bedford County et al., 47 D. & C. 496, wherein it is held, at pages 497 and 498:

". . . Proceedings by rule to show cause grew out of the administration of equity through common-law forms. The tendency of modern practice is to enlarge rather than to restrict their operation: Park Brothers & Co., Ltd. *v.* Oil City Boiler Works, 204 Pa. 453. However, it was held in Short *v.* Board of the School District of Upper Moreland Township, 108 Pa. Superior Ct. 503, that a rule to show cause is not properly original process except by statute, being auxiliary only and for the facilitating of jurisdiction already acquired. In that case the Court dismissed a rule to show cause why a school district should not exempt Federal employes from the payment of per capita school taxes. In Delco Ice Manufacturing Co. *v.* Frick Co., Inc., 318 Pa. 337, a rule to show cause why a conditional sale contract should not be stricken from the record was held to be proper. As we interpret the reasoning of the Supreme Court in that case, it is based upon the premise that a conditional sale contract is a judicial record. It is pointed out that every Court has absolute power over its own records and may fully control them by rule to show cause. Short *v.* Board of the School District of Upper Moreland Township, *supra*, is distinguished upon the significant ground that the matter at issue in that case was clearly not a court record.

"We are unable to conclude that a tax assessment is a judicial record. It is a valuation of property for the purpose of fixing the proportion which each owner shall pay, and is filed in the commissioners' office. Certainly it does not come within the definition laid down in Fleming *v.* Parry, 24 Pa. 47, and repeated frequently since: a record which is potentially if not actually made up under the eye of the judge, in the presence of the parties, and after hearing them, and kept by the *custos rotulorum.*"

In order to recognize this rule to show cause as valid we must regard the tax assessment as a judicial record and this we are unable to do. At least not for the purpose of these proceedings. It was made up neither potentially nor actually under the supervision of the court nor in the presence of the parties nor after hearing them. Nor is it in the custody of the court or its officers. It is a statement of tax debt filed by an assessor in the office of the tax claim bureau, not under the jurisdiction of the court, and is a lien by statutory fiat, not by judicial proceedings.

It is a general rule of law that when the power to assess exists and that power is abused the proper remedy is by appeal: Clinton School District's Appeal, 56 Pa. 315; Van Nort's Appeal, 121 Pa. 118; Susquehanna Collieries Company's Appeal, 335 Pa. 337. When there is a want of power to assess, the taxable is not limited to the remedy of appeal but may invoke the aid of equity: Chevra Achewa, etc., v. Philadelphia, (School District of Phila., Appellant), 116 Pa. Superior Ct. 101; Delaware, Lackawanna & Western R. R. Co., Appellant, v. Luzerne County Commissioners, 245 Pa. 515.

Wherefore, the preliminary objections are sustained and the petition for a rule to show cause is dismissed.