Messenger Publishing Company, Appellant, *v.* Allegheny County Board of Property Assessment, Appeals, and Review.

Argued April 13, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Robert W. McWhinney, with him McWhinney & Mc-Whinney, for appellant.

Joseph H. Ridge, Assistant County Solicitor, with him Nathaniel K. Beck, County Solicitor, John F. Murphy, Assistant County Solicitor, and Arthur L. McLaughlin, III, Assistant County Solicitor, for appellee.

OPINION BY WOODSIDE, J., June 11, 1957:

This is an appeal from the order of the County Court of Allegheny County sustaining an assessment made upon the "press machinery" as part of the real estate of the publisher of a daily newspaper in Homestead, Allegheny County.

The assessment of appellant's real estate was made by the Board of Property Assessment, Appeals and Review in accordance with the provisions of the Act of May 22, 1933, P.L. 853, as amended (72 PS §5020-201) which reads in pertinent part as follows:

"The following subjects and property shall, as hereinafter provided, be valued and assessed, and subject to taxation for all county, city, borough, town, township, school and poor purposes at the annual rate:

"(a) All real estate, to wit: Houses, lands, lots of ground and ground rents, mills and manufactories of all kinds, furnaces, forges, bloomeries, distilleries, sugar houses, malt houses, breweries, tan yards, fisheries, and ferries, wharves, and all other real estate not exempt by law from taxation."

There is a rule in Pennsylvania that "a chattel placed in an industrial establishment for permanent use, and necessary to the operation of the plant, becomes a fixture and as such a part of the real estate, although not physically attached thereto; in other

words, if the article, whether fast or loose, be indispensable in carrying on the specific business, it becomes a part of the realty." *Titus v. Poland Coal Co.*, 275 Pa 431, 436-7, 119 A. 540 (1923). See also *Gray v. Holdship*, 17 S. & R. 413 (1828) ; *Voorhis v. Freeman*, 2 W. & S. 116 (1841) ; *Patterson v. Delaware County*, 70 Pa. 381 (1872), and *Central Lithograph Company v. Eatmor Chocolate Company*, 316 Pa. 300, 175 A. 697 (1934).

This principle, which has come to be known as the "assembled industrial plant doctrine," has always been used in assessing mills and manufactories for taxation under the above statute: *United Laundries, Inc. v. Board of Property Assessment*, 359 Pa. 195, 199, 58 A. 2d 833 (1948). In the above case it was said "No legitimate distinction can be found anywhere between what constitutes an integral unit of real estate under the Act of 1933, as amended, and what constitutes an integral unit of real estate under the general property law of this Commonwealth, as stated in *Titus v. Poland Coal Co.*, supra." The Court there held that the machinery of a laundry was taxable because a laundry was "an industrial establishment" within the purview of the "assembled industrial plant doctrine."

In *N. S. Laundry Co. v. Board of Property Assessment*, 366 Pa. 636, 640, 79 A. 2d 419 (1951) the Court said: "The law can do no better than to define an industrial plant as that type of establishment which the ordinary man thinks of as such."

Is the appellant's newspaper plant an industrial plant? Judge GUFFEY, speaking for the court below said in his well considered opinion, "It would seem that the ordinary man would think of a newspaper as an industrial plant, especially if one were to tell him that a laundry or a carpet cleaning company are such for the purpose here being considered."

Appellant cites three lower court cases in support of its contention that its plant is not an "industrial establishment." *In re: Appeal of Braddock Dry Goods Co.,* 90 P.L.J. 319 (1941); *P. G. Publishing Co. v. Rae,* 91 P.L.J. 269; and *Wilkes-Barre Times Co. v. City of Wilkes-Barre,* 10 D. R. 691 (1901). These cases were decided first, upon the assumption that newspaper printing establishments were not manufactories, and, secondly, that the "industrial plant doctrine" was applicable only to mills or manufactories. Under the doctrine of the United Laundries and the North Side Laundry cases, supra, the first assumption is irrelevant and the second is erroneous. Assuming, for the sake of discussion only, that appellant's place of business is not a manufactory, we must still determine whether its presses are part of an "industrial plant", and thereby subject to taxation as real estate. The question can be resolved by a consideration of the nature of the business and of the buildings, machinery and equipment used therein.

Considering the nature of the newspaper industry, the compilation, printing, and distribution of news, and the operation of the necessary machinery and equipment, extending from the modest presses of a village weekly to the mechanical giants of a metropolitan daily, we come inescapably to the conclusion that the structure in which a newspaper is printed is an "industrial plant" within the ordinary, as well as the legal, contemplation of the term. The presses, linotypes, and other equipment necessarily used therein are, therefore, real estate and taxable as such.

Aside from these considerations, corporations engaged in the publishing business have been considered manufacturing corporations since 1887, and as such have been exempt from the Pennsylvania capital stock tax under the manufacturers exemption, when it was

a part of the law. *Commonwealth v. J. B. Lippincott Co.*, 7 Dauphin 193 (1887). It would thus seem clear that appellant's plant is a manufacturing plant.

Order affirmed.