Robert S. CALVERT et al., Appellants,

v.

AUSTIN LAUNDRY & DRY CLEANING CO., Inc. et al., Appellees.

No. 11047.

Court of Civil Appeals of Texas.

Austin.

Feb. 13, 1963.

Rehearing Denied March 6, 1963.

Will Wilson, Atty. Gen., H. Grady Chandler, William E. Allen, Asst. Attys. Gen., J. C. Aler and Michael A. Wash, Austin, for appellants.

Kuykendall & Kuykendall, Austin, for appellees.

ARCHER, Chief Justice.

Plaintiff, Austin Laundry & Dry Cleaning Co., filed suit against the State Comptroller, Attorney General, Southern Union Gas Co., and the City of Austin, Texas, on its own behalf and on behalf of all other similarly situated for a declaratory judgment to declare that it was not liable for the sales tax on gas purchased from the Gas Company and electricity purchased from the City for use by it in the operation of a laundry and dry cleaning business, and to enjoin defendants from collecting said tax.

The Gas Company filed only a general denial to Plaintiffs' Petition, while the City of Austin filed an answer disclaiming any interest and prayed that it be relieved from the necessity of any further appearance in the cause and are no longer concerned in this appeal.

It was claimed by plaintiff that the purchase and use of said gas and electricity was exempt from the Texas Sales Tax Act, Article 20.02, Taxation-General, Vernon's Civil Statutes, (1) by virtue of Article 20.04, Section (B) (1) which provides an exemption from the tax from the sale of natural gas as taxed under Chapter 3·of Title 122A, Taxation-General and (2) by virtue of Article 20.04, Section (Q) which exempts sale of gas and electricity when used in industrial operations.

The trial was without a jury. The court held that gas and electricity purchased by plaintiff was not exempt under Section (B) (1) above mentioned, but did find that the business of plaintiff was an industrial operation and exempt under Section (Q) aforesaid and accordingly entered judgment that plaintiff and all others similarly situated are engaged in industrial operation and exempt from the sales tax levied by said Article 20.02 on natural gas and electricity used by them in the conduct of their business of operating laundries and dry cleaning establishments, and further permanently enjoined the defendants from collecting from plaintiff and others in the same situation the sales tax on natural gas and electricity sold to and used by them in operating their laundries and dry cleaning establishments in Texas.

The appeal is founded on five points and are that the court erred in finding that gas and electricity used by plaintiff is exempt from the sales tax because such use is an industrial operation; that there is no evidence to sustain such finding; that the evidence is insufficient; the court erred in decreeing that plaintiff and all others similarly situated are engaged in an industrial operation and are exempt from the tax; and in adjudging that the defendants be permanently enjoined from collecting the sales tax.

The sole question involved in this appeal is whether the named plaintiff and others similarly situated are engaged in industrial operations, and exempt from the payment of the sales tax.

Article 20.02, Title 122A, V.A.C.S. imposes the sales tax of 2% on the sale price of each item, etc.

Article 20.04(Q), the exempt service is as follows:

"Certain Utility Service Exempt. There are exempted from the taxes imposed by this Chapter the sale, production, distribution, lease or rental of and the storage, use or other consumption in this State of gas and electricity when used in industrial, manufacturing, mining, agricultural, dairy or poultry operations or pumping water for irrigation or for electrical processes such as electroplating and electrolysis."

Appellee contends that it is entitled to an exemption on its purchases of gas and electricity because it uses its utility in an industrial operation.

It was stipulated that the named plaintiff, Austin Laundry & Dry Cleaning Co., Inc., operates such corporation, and purchases gas and electricity for its use and brought the suit in its own behalf and approximately 4,000 other persons, firms or corporations in Texas engaged in the business of operating laundry and dry cleaning establishments on various scales of size.

A further stipulation was as to the equipment used in operating the Austin plant, and the number of employees, amount of pay roll, plant grounds and the amounts of costs of gas and electricity, etc.

The court rendered judgment for plaintiffs, and made findings that this is a class suit and that gas and electricity purchased and used were exempt by virtue of Article 20.04, Section (Q), Title 122A, Taxation-General, V.A.C.S., for the reason that the conduct of the business by the class is an industrial operation, and permanently enjoined the defendants from collecting from plaintiff and others in the class for whom the suit is brought the 2% sales tax on natural gas and electricity used in operating the laundry and dry cleaning establishments in Texas.

█ We believe the court was justified by the law and facts in rendering the judgment.

We have set out Article 20.04 which provides for an exemption for gas and electricity when used in industrial operations, and we believe that the operation of the laundry and dry cleaning plants are industrial operations and therefore tax exempt.

The State Comptroller issued Ruling No. 12 and with reference to use of gas and electricity for "Industrial" purposes or operation, recited:

"For the purpose of this law, the word 'industrial' shall be termed 'noscitur a sociis' that is, it shall be known from its associates. (The meaning of the word is or may be known from the accompanying words). It will be considered to be a broad term defining the specific industries following it. The exemptions allowed under this law will

be those specifically mentioned above only."

The maxim "noscitur a sociis" is a rule often applied so that the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it. Farmers' and Mechanics' National Bank v. Hanks et al., 104 Tex. 320, 137 S.W. 1120.

■ The word "industrial" has a meaning of its own and the maxim referred to above may be used as a guide to ascertain legislative intent, and cannot be transformed into a "manufacturing", "mining" or "agricultural" operation. 39 Tex.Jur. p. 208, Section 112; Russell Motor Car Co. v. U. S., 261 U.S. 514, 43 S.Ct. 428, 67 L.Ed. 778.

Section 1, Article 10, Construction of Laws, Vernon's Ann.Civ.St. in part reads " * * * The ordinary signification shall be applied to words, except words of art * * *." Other sections of Article 10 set out additional rules of construction.

■ The Legislature is presumed to have used words in the sense in which they are ordinarily understood. Rudman v. Railroad Commission, 162 Tex. 579, 349 S.W.2d 717.

In Messenger Publishing Co. v. Board of Property Assessments, 183 Pa.Super. 407, 132 A.2d 768, the Supreme Court construed a newspaper as an industrial plant.

In Northside Laundry Co. v. Board of Property Assessments, 366 Pa. 636, 79 A.2d 419, it was held that a laundry was an industrial operation.

The pleading of appellees is sufficient to make applicable the rule of Cobb v. Harrington, 144 Tex. 360, 190 S.W.2d 709, 172 A.L.R. 837, excluding application of the doctrine of the State's immunity from suit.

The judgment of the trial court is affirmed.

Affirmed.