**Robert S. CALVERT, Comptroller of Public Accounts of the State of Texas, Appellant,**

v.

**The BRITISH–AMERICAN OIL PRO-DUCING COMPANY, Appellee.**

**No. 11263.**

Court of Civil Appeals of Texas.

Austin.

March 24, 1965.

Rehearing Denied April 28, 1965.

Waggoner Carr, Atty. Gen., H. Grady Chandler, Asst. Atty. Gen., Austin, for appellant.

Jack Corman, R. W. Shytles, Dallas, Clark, Thomas, Harris, Denius & Winters, Sander W. Shapiro, Austin, Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

ARCHER, Chief Justice.

Plaintiff sued defendant for a refund of $3,866.79 tax paid under protest on account of a written contract dated July 26, 1961, before the effective date of the Act, between International Business Machines Corporation (hereinafter referred to as IBM), as seller, and plaintiff, as purchaser, for the sale of certain tangible personal property consisting of three IBM machines. Plaintiff also pleaded that the tax as applied to it is invalid and also an exemption from the tax was claimed by plaintiff under Article 20.04(H) of said Act, which provides that there are exempted from such taxes the receipts from the sale, use or rental of, and the storage, use or other consumption if the property is "used for the performance of a written contract entered into prior to the

effective date of the act" (which date would be September 1, 1961).

Motions for summary judgment were filed by the respective parties and were heard by the court, plaintiff's motion granted and judgment entered for the amount sued for. The defendant's motion was overruled.

The Articles referred to are in Chapter 20, Title 122A, Taxation-General, R.C.S., as amended by Chapter 24, p. 71, Acts of the First Called Session of the 57th Legislature, known as the Limited Sales, Excise and Use Tax Act.

The question is whether plaintiff is liable for a tax under Article 20.01 et seq., Chapter 20, Title 122A.

The Statute involved, Article 20.04(H) reads as follows:

"Written Contracts and Bids Executed Prior to the Effective Date of this Chapter. There are exempted from the taxes imposed by this Chapter the receipts from the sale, use or rental of, and the storage, use or other consumption in this State of, tangible personal property (i) used for the performance of a written contract entered into prior to September 1, 1961, (ii) pursuant to the obligation of a bid or bids submitted prior to September 1, 1961, which bid or bids could not be altered or withdrawn on or after that date and which bid or bids and contract entered into pursuant thereto are at a fixed price not subject to change or modification by reason of a tax imposed by this Chapter. * * *

"Provided, however, that notice of such contract or bid by reason of which an exclusion is claimed under this Section (H) must be given by the taxpayer to the Comptroller on or before the lapse of one hundred and twenty (120) days from August 16, 1961."

The appeal is founded on 17 points assigned as error by the trial court in granting the summary judgment, because there is a valid law requiring the payment of the tax, and the Tax Act does not violate either Sections 16 or 19 of Article 1 of the State Constitution, Vernon's Ann.St., and does not violate Section 10 of Article 1 of the Constitution of the United States, and that the motion, pleadings of both parties, affidavits and stipulations show as a matter of law that plaintiff is liable for the tax, and the record as a whole shows that plaintiff did not use the machines for the performance of a written contract, and because the prior contract included the sales contract between plaintiff and IBM, and because the plaintiff did not use the machines to perform a written contract within the meaning of the Statute, but only used them in plaintiff's accounting procedures.

Appellee asserts that the plain language of Article 20.04(H) (i) exempts receipts from the sale * * * of tangible personal property * * * used for the performance of a written contract entered into prior to September 1, 1961, provided notice is given; and that the words of the Article not being ambiguous there is no need to, and a court will not assume to construe or interpret the Statute, citing State Board of Insurance v. Betts, 158 Tex. 612, 315 S.W.2d 279, Tex. Sup.Ct. and City of Abilene v. Meek, Tex. Civ.App., 311 S.W.2d 654, er. ref.

The parties entered into a stipulation as follows:

"In order to expedite the trial of the above entitled and numbered cause, the parties hereto agree as follows:

"1. Plaintiff, the British-American Oil Producing Company, after November 16, 1961, the date of the installation and delivery of the computer machines which is the subject of the contract in issue in this case has used said computer machines in its accounting procedures in the conduct of its business.

"2. After installation and delivery of the computer machines, as aforesaid, Plaintiff did not use the same in connection with any written contract entered into by Plaintiff with any person,

firm or corporation prior to September 1, 1961, other than the contract which is the subject of this suit."

In disallowing the claim for refund the Comptroller stated:

"The taxpayer, British-American Oil Producing Co., purchased a computer system. The contract was entered into prior to September 1, 1961. Notice of the existence of the contract was tendered to the Comptroller's Office within the statutory 120 day period, to-wit: December 13, 1961. A tax was assessed and paid in the amount of $3,866.79 including penalty and interest. British-American Oil Producing Co. properly filed application for refund on August 23, 1963.

"HOLDING: The Comptroller's Office is of the opinion that the tax was due and payable and that the application for refund should be disallowed. The reason for this holding is that the taxpayer used the computer system in a manner other than for the performance of a written contract. The contract was entered into prior to September 1, 1961, but the contract was performed in full on the date of delivery. In accordance with Attorney General's Opinion No. C-30 and Sales Tax Ruling No. 2, the later use of the computer system was a taxable use and is subject to the use tax imposed by Article 20.03 of the Limited Sales, Excise and Use Tax Act."

We believe that the conclusion of the Comptroller is contrary to the language of the "performance" phrase in the Statute. In ordinary business usage, property delivered under a purchase contract is property used for the performance of that contract.

The Supreme Court of Georgia in Gulf Refining Co. v. Smith, 164 Ga. 811, 139 S.E. 716, held:

"A sale is one of the uses to which property can be subjected. As re-

lating to one's possession, the word 'use' includes every purpose for which that property may be used. * * *"

In N. Estrada, Inc. v. Terry, Tex.Civ. App., 293 S.W. 286, n. w. h., the Court said:

"Performance of an obligation under a contract consists of the doing of the required act at the time and place and in the manner stipulated by the terms of the contract, * * *." Wood Motor Co. v. Hawkins, Tex.Civ.App., 226 S.W.2d 487, n. w. h.

The word "used" appears many times in the Act, and is not a substitute for the word "use" as specially defined in Article 20.01(R). Article 20.02(G) refers to tangible personal property which may be "resold, leased or rented or will be used for some other purposes." Calvert v. Austin Laundry & Dry Cleaning Co., Inc., Tex.Civ.App., 365 S.W.2d 232, er. ref., n. r. e.

Rules of statutory interpretation are set forth in Article 10 of the Texas Civil Statutes, made applicable to the Sales Tax Law, by Article 1.01, Title 122A, Taxation-General. We do not recite the directions to the Courts as set out but do cite Eddins-Walcher Butane Company v. Calvert, 156 Tex. 587, 298 S.W.2d 93.

The contract or agreement for the sale of IBM Machines with British-American Oil Producing Company dated July 26, 1961 at a total purchase price of $164,450.-00, and no sales tax is mentioned.

On November 16, 1961 The British-American Oil Producing Company filed its claim for an exemption from payment of taxes in the purchase of certain tangible personal property which it had purchased from IBM Corporation on the ground that paragraph (H) of Article 20.04 exempts from tax such property used for the performance of a written contract entered into prior to the effective date of the Act.

This Statute has been considered by the Comptroller and the Attorney General with

a final determination that the tax is valid and appellee is liable.

The appellant cites a number of cases such as Trustees of Cook's Estate v. Sheppard, Comptroller, Tex.Civ.App., 89 S.W. 2d 1026, er. ref. and Wiseman v. Gillioz, 192 Ark. 950, 96 S.W.2d 459.

On December 6, 1962 the Attorney General in Opinion No. WW-1489 ruled as contended for by appellee.

On March 6, 1963 the Attorney General in Opinion No. C-30 reviewed the former opinion and overruled it, holding as contended for by appellant.

The application of Article 20–04(H) is limited to those who have a contract in writing, executed prior to September 1, 1961 and applies to those who filed contracts with the office of the Comptroller by December 14, 1961, and the exemption is cut off after three years.

The judgment of the trial court is affirmed.

Affirmed.

## ON MOTION FOR REHEARING

Appellant contends that we did not pass on the first four points of error. We believe that we did in affirming the judgment of the trial court.

In the opinion of March 24, 1965 the first four points are not set out in full as in appellant's brief.

The appeal was founded on 17 points and the points were not copied in full in the opinion, but were mentioned, and a reading of the opinion will show that the first four points were stated in substance.

We remain convinced that we made a correct disposal of the appeal in the original opinion and did overrule all of appellant's points.

The motion for rehearing is overruled.

Motion overruled.