

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

October 16, 1975

The Honorable Ivan Williams
Executive Director, Texas
Amusement Machine Commission
P. O. Box 13226
Austin, Texas 78711

Opinion No. H- 719

Re: Whether a coin-operated
television is subject to
taxation pursuant to
Senate Bill 869.

Dear Mr. Williams:

You have requested our opinion regarding whether a coin-operated
television is subject to taxation pursuant to the 1975 amendment to
article 13.01, et seq., Tax.-Gen., V.T.C.S. (Acts 1975, 64th Leg.,
ch. 407, p. 1046). We understand these machines provide a limited time
of commercial television reception upon insertion of the proper coin.

Article 13.02(1) imposes an annual occupation tax of $15.00 on every
"coin-operated machine." Article 13.01(3) defines "coin-operated machine"
as:

> . . . every machine or device of any kind or
> character which is operated by or with coins,
> or metal slugs, tokens or checks, 'music
> coin-operated machines' and 'skill or pleasure
> coin-operated machines' as those terms are
> hereinafter defined, shall be included in such
> terms.

Unless exempted by another provision of the statute, a coin-operated television
clearly falls within this definition.

Article 13.03 exempts from taxation certain specific types of coin-operated
machines and also " 'service coin-operated machines,' as that term is
defined." "Service coin-operated machines" are defined in article 13.01(6)
to include:

> every pay toilet, pay telephone, and all
> other machines or devices which dispense
> service only and not merchandise, music,
> skill or pleasure.

The question is therefore whether a coin-operated television dispenses "pleasure." If it does so, it is not a "service coin-operated machine" and consequently not within the exemption of article 13.03.

"Pleasure" is defined as "a state or condition of gratification of the senses or mind." Webster's New International Dictionary (3d ed., 1961). Judicial interpretations are in agreement, holding that "pleasure" is synonymous with "amusement, comfort and happiness," Industrial Trust Co. v. Commissioner of Internal Revenue, 151 F.2d 592, 594 (1st Cir. 1945), and with comfort, consolation, contentment, ease, enjoyment, happiness and satisfaction. National Surety Co. v. Jarrett, 121 S.E. 291, 295 (W. Va., 1924). While we are aware that there are those who would strenuously assert that television is no source of pleasure, happiness, contentment or gratification to them, it is legally well established that statutory words in common use will be read according to their most natural, ordinary and popular meaning, unless a contrary intention is clearly apparent from the context. V.T.C.S. art. 10; Calvert v. Austin Laundry & Dry Cleaning Co., 365 S.W.2d 232, 235 (Tex. Civ. App. --Austin 1963, writ ref'd., n.r.e.); National Life Co. v. Stegall, 169 S.W.2d 155, 157 (Tex. Sup. 1943). Thus, in our opinion, it is clear that, in the commonly understood meaning of the term, a coin-operated television must be legally deemed to dispense "pleasure." Accordingly, a coin-operated television of this type is not a "service coin-operated machine" and therefore not within the statutory exemption of article 13.03.

### SUMMARY

A coin-operated television is not within the statutory exemption of article 13.03, V.T.C.S., Taxation-General, and is thus subject to taxation pursuant to Senate Bill 869.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3082

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee