City of Pittsburgh, Appellant, *v.* WIIC-TV Corporation, Appellee.
Board of Property Assessment, Appeals and Review of Allegheny County, Appellant, *v.* WIIC-TV Corporation, Appellee.

Argued May 9, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*D. R. Pellegrini,* Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for appellant, City of Pittsburgh.

*Thomas M. Rutter,* Acting County Solicitor, with him *Richard Ferris,* Assistant County Solicitor, for appellant, Board of Property Assessment, Appeals and Review.

*Edward W. Seifert,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY JUDGE WILKINSON, June 25, 1974: ·

Appellants in these two cases appeal from the decision of the Court of Common Pleas of Allegheny County which determined that the appellee's television antenna tower should not be included in the assessment of appellee's real estate. The basis for the decision was that the TV antenna tower was within the enumerated categories of exclusion from assessment of The General County Assessment Law, Act of May 22, 1933, P. L. 853, as amended, 72 P.S. §5020-201, which provides, in pertinent part: "The following subjects and properties shall, as hereinafter provided, be valued and assessed and subject to taxation for all county, city, borough, town, township, school, and poor purposes at the annual rate: . . . .

". . . Machinery, tools, appliances and other equipment contained in any mill, mine, manufactory, or industrial establishment shall not be considered or included as a part of the real estate in determining the value of such mill, mine, manufactory, or industrial establishment. . . ." For the TV tower to fall within the exclusion, the lower court found that appellee's TV station is an "industrial establishment" and the antenna tower falls within the category of "machinery, tools, appliances, and other equipment." We agree and must affirm.

An excellent discussion of the history of this exclusion is contained in the opinion of Justice EAGEN, speaking for the Supreme Court of Pennsylvania, in *Jones & Laughlin Tax Assessment Case*, 405 Pa. 421, 431-32, 175 A.2d 856, 861-62 (1961). Justice EAGEN there stated: "Therefore, it is our considered conclusion, under the statute involved, improvements, whether fast or loose, which are used *directly* in manufacturing the products that the establishment is intended to produce and are necessary and integral parts of the manufacturing process and are used *solely* for effectuating

that purpose, are excluded from real estate assessment and taxation. On the other hand, improvements which benefit the land generally and which may serve various users of the land, are not in this category. Neither are structures, which are not necessary and integral parts of the manufacturing process and which are separate and apart therefrom, within the exclusion. A structure used for storage, for example, is part of the realty and subject to real estate taxation." (Emphasis in original.) In that case, the Court decided that loading docks were part of the real estate and taxable, whereas the quenching towers from the coke ovens were within the exclusion. Here, we agree with the lower court's finding that the TV antenna tower falls in the same category as the quenching tower in *Jones & Laughlin, supra.*

Perhaps the more difficult problem, as acknowledged by the court below, is whether the appellee's TV station is an "industrial establishment" within the meaning of the act. Here, it is important to note that in interpreting the statutes, all reasonable doubts must be resolved in favor of the taxpayer. *Loeb Estate,* 400 Pa. 368, 162 A.2d 207 (1960). Chief Justice DREW, speaking for the Supreme Court of Pennsylvania, in two opinions involving the taxation of industrial machinery, held that commercial laundries are industrial establishments. *United Laundries, Inc. v. Board of Property Assessment, Appeals and Review,* 359 Pa. 195, 58 A.2d 833 (1948); *North Side Laundry Co. v. Allegheny County Board of Property Assessment, Appeals and Review,* 366 Pa. 636, 79 A.2d 419 (1951). Judge WOODSIDE, speaking for the Superior Court of Pennsylvania, in holding a newspaper plant to be an industrial plant, quoted Judge GUFFEY of the Court of Common Pleas of Allegheny County: "It would seem that the ordinary man would think of a newspaper as an industrial plant, especially if one were to tell him

that a laundry or a carpet cleaning company are such for the purpose here being considered." *Messenger Publishing Company v. Allegheny County Board of Property Assessment, Appeals and Review,* 183 Pa. Superior Ct. 407, 409, 132 A.2d 768, 769 (1957). By the same token, it would seem that the same ordinary man would think of a TV station as an industrial establishment, especially if one were to tell him that a newspaper plant is such for the purpose here being considered.

Able counsel for appellants argue that Chief Justice DREW'S opinion in *North Side Laundry, supra,* contained dicta that a theatre was not an industrial establishment, and that since a very substantial portion of appellee's programs are on film rather than produced on the site, the dicta should be controlling. We cannot agree.

Affirmed.