Commonwealth of Pennsylvania *v.* Rohm and Haas Company, Appellant.
Commonwealth of Pennsylvania *v.* Westinghouse Electric Corporation, Appellant.

Argued December 7, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Philip C. Herr,* with him *John H. Potts, Philip C. Herr, II,* and *Herr, Potts & Herr,* for appellant, Rohm and Haas Company.

*Howell C. Mette,* with him *Shearer, Mette & Woodside,* for appellant, Westinghouse Electric Corporation.

*Vincent J. Dopko,* Deputy Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, February 2, 1977:

These consolidated appeals on stipulated facts present the novel question of whether a corporate taxpayer which elected under 26 U.S.C.A. §33 of the Internal Revenue Code of 1954[1] to take foreign taxes withheld or paid as a credit against federal income tax liability rather than as a deduction from gross income, may subsequently take such foreign taxes as a deduction for purposes of computing tax liability under the Corporate Net Income Tax Act (Act), Act of May 16, 1935, P.L. 208, *as amended,* 72 P.S. §3420a et seq.[2]

Westinghouse Electric Corporation and Rohm and Haas Company (Appellants) are appealing from orders of the Board of Finance and Revenue (Board) dated August 27, 1975, rejecting a petition for refund

---

[1] The amount of taxes imposed by foreign countries and possessions of the United States shall be allowed as a credit against the tax imposed by this chapter to the extent provided in Section 901.

[2] Repealed by the Act of March 4, 1971, P.L. 86. *See now* the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, 72 P.S. §7401 et seq.

by Westinghouse for the calendar year 1969 and a petition for refund by Rohm and Haas for the calendar year 1970. For those years, Appellants elected in their consolidated federal returns to take as credits against their federal income tax liability foreign taxes withheld by or paid to foreign governments. 26 U.S.C.A. §33. Appellants then filed their Pennsylvania corporate net income tax returns for those years in which returns said foreign taxes were *not* taken as deductions and Appellants' corporate net income taxes paid accordingly.

Postdating the settlements of Appellants' returns, on March 10, 1972, the director of the Bureau of Corporate Taxes issued Memorandum No. 83 (No. 83) allowing corporate taxpayers to take under the Act as a deduction foreign taxes withheld or paid, notwithstanding how the taxpayer elected to treat them under the IRC.[3]

Claiming the benefits of No. 83, Appellants filed Petitions for Refund.[4] It is from the denial by the Board of these petitions that these appeals have been brought.

Appellants' common contentions may be briefly stated. First, it is argued that the corporate net income tax by the terms of the Act is levied solely upon net income *actually* received by the corporate taxpayer so that foreign taxes withheld or paid are not within the Act's scope. Second, Appellants contend that there is no provision in the Act subject to a construction that would prohibit taking as a deduction foreign taxes employed as a credit for federal purposes. Finally, it is argued by Appellants that their rights un-

---

[3] No. 83 was rescinded finally on April 11, 1973.

[4] Westinghouse filed its petition on May 5, 1972. Rohm and Haas did so on September 6, 1973.

der the Uniformity Clause, Pa. Const. art. 8, §1[5] and the Equal Protection Clause of the 14th Amendment have been violated because in *Commonwealth v. Coca Cola Co.*, 561-64 C.D. 1973 and in *Commonwealth v. H. J. Heinz Co.*, 28-29 C.D. 1975, the corporate tax-payers were granted, by means of stipulations for judgment, the deductions which Appellants seek.[6] Appellants invoke these constitutional provisions to further argue that the Board's interpretation and application of the Act discriminates against corporate tax-payers using foreign taxes as credits against their federal income tax liability in favor of those who use them merely as deductions.

We believe all of these contentions to be without merit and shall affirm the order of the Board.

To dispose of Appellants' first contention, that the Act as written permits the deductions they seek, we must turn to the Act itself.

"Net income" in the case of a corporation filing consolidated federal returns is defined in Section 2 of the Act, 72 P.S. §3420b, as "the net income which would have been returned to and ascertained by the Federal Government if separate returns had been made. . . ." The IRC defines taxable (*i.e.,* net) income as gross income less the deductions permitted by Chapter 1 of the IRC other than the standard deduction. 26 U.S.C.A. §63(a). Thus, the effect of Section 2 of the Act is to incorporate by reference those provisions of the IRC which go toward the computation of taxable income for federal purposes.

---

[5] All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

[6] Rohm and Haas also relies upon the settlement of Westinghouse's liability for the calendar year 1970 which was settled along these same lines.

Appellants elected under 26 U.S.C.A. §33 to take as credits against their federal income tax liability the foreign taxes in question and were, therefore, precluded from also taking them as deductions under 26 U.S.C.A. §164. *See Bank of America v. United States,* 180 Ct. Cl. 111, 377 F.2d 575 (1967). That they so elected is hardly surprising because it would require a tax rate of 100% to make a deduction as advantageous as a credit. Unfortunately for Appellants' position in these proceedings, however, their elections had the effect of producing taxable income' for Federal purposes without regard to foreign taxes paid or withheld and it is this computation which constitutes net income as the tax base for tax purposes under the Act. To allow Appellants to take the deductions they claim would be to ignore the plain language of the Act adopting the computation of taxable income under the IRC as net income under the Act. What was said in *Commonwealth v. Koppers Co.,* 397 Pa. 523, 529, 156 A.2d 328, 332 (1959), is apropos:

Highly refined and technical tax concepts have been developed by the . . . legal technician primarily because of the impact of federal income tax legislation. However, this in no way should affect or control the normal usage of words in the construction of our tax statutes. . . .

Appellants' second and closely related contention, that they are entitled to the deductions because nothing in the Act prohibits them, is without merit for the same reasons. Appellants confuse the rule that where the issue is whether property is taxable or whether the individual is subject to taxation, all reasonable doubts must be resolved in favor of the taxpayer, *City of Pittsburgh v. WIIC-TV Corp.,* 14 Pa. Commonwealth Ct. 18, 321 A.2d 387 (1974), with the

rule that where the power to tax is clear, and the taxpayer is within the taxing statute's general scope, language of exemption and deduction must be strictly construed. *Commonwealth v. Berlo Vending Co.,* 415 Pa. 101, 202 A.2d 94 (1964); *Commonwealth v. Budd Co.,* 379 Pa. 159, 166, 108 A.2d 563, 566, *appeal dismissed,* 349 U.S. 935 (1954); *Commonwealth v. Staley,* 21 Pa. Commonwealth Ct. 193, 344 A.2d 748 (1975); *Harjef's Corp. v. City of Philadelphia Tax Review Board,* 16 Pa. Commonwealth Ct. 63, 329 A.2d 325 (1974). It is, therefore, unimportant that the Act does not expressly prohibit the deductions sought by Appellants. What is decisive is that nothing in the Act permits them and Appellants, having elected to take the foreign taxes as credits, are bound by their choices. *See Bank of America v. United States, supra.* They cannot have the best of both worlds absent clear legislative authority to the contrary.

Finally, we must deal with the constitutional argument that the Act both as written and as applied to Appellants violates the uniformity clause and Appellants' equal protection rights by discriminating against taxpayers electing to take foreign taxes as a credit on their federal returns in favor of those electing to take them as a deduction, and because in two other instances the deductions sought by Appellants were allowed.

Succinctly stated, the uniformity clause and equal protection clause, which stand in pari materia in tax matters, *Commonwealth v. Budd Co., supra,* require that there be equality of burden upon the classes or things subject to the tax in question. *Commonwealth v. Repplier Coal Co.,* 348 Pa. 372, 35 A.2d 319 (1944). They do not, however, impose an iron-clad rule of equality so as to inhibit flexible and reasonable schemes of taxation, *Commonwealth v. Life Assurance*

*Co. of Pennsylvania,* 419 Pa. 370, 214 A.2d 209 (1965), and only substantial uniformity and approximate equality are required. *Commonwealth v. Budd Co., supra; Mineral Railroad & Mining Co. v. Northumberland County Commissioners (No. 1),* 229 Pa. 436, 78 A. 991 (1911); *Commonwealth v. Morris Half Hour Laundromat,* 91 Dauph. 157 (1969), *aff'd,* 442 Pa. 543, 277 A.2d 148 (1971).

In this attack upon the Act as written, Appellants bore the heavy burden of proving that it is "clearly, palpably and plainly" violative of either the federal or state constitutions. *Alco Parking Corp. v. Pittsburgh,* 453 Pa. 245, 255, 307 A.2d 851, 857 (1973). This burden, which has not been met, is not lightened by the fact that the constitutionality of the Act has been upheld on prior occasions. *Commonwealth v. Budd Co., supra.*

Where the same rate of taxation is applied to the same tax base, no constitutional infirmity is made out, and no unreasonable classification can be said to exist. *See F. J. Busse Co. v. Pittsburgh,* 443 Pa. 349, 279 A.2d 14 (1971); *Commonwealth v. Repplier Coal Co., supra.* Here, the Legislature has adopted as the tax base net income as returned to and ascertained by the Federal Government. Section 2 of the Act, 72 P.S. §3420b; *Commonwealth v. Budd Co., supra.* The same rate of tax is applied to all taxpayers subject to the Act. Section 3 of the Act, 72 P.S. §3420c. How Congress has chosen to compute ultimate Federal tax liability under the IRC, and the elections it has offered to taxpayers are of no consequence under the Act in the context of this litigation, *Commonwealth v. Budd Co., supra;* and when tax legislation treats all within its scope in a substantially uniform matter, it cannot be said to discriminate because of classifications made by other legislation. *Commonwealth v. Life Assurance Co. of Pennsylvania, supra.*

Appellants also attack the constitutionality of the Act as applied, referring us to the *Coca Cola Co.* and *H. J. Heinz Co.* cases previously described.[7] This contention, too must fail as it seeks to raise an estoppel against the Commonwealth which can not be done under the law of this State. *Commonwealth v. Western Maryland Railway Co.*, 377 Pa. 312, 105 A.2d 336 (1954).

> Furthermore, Appellants have failed to make out [a] deliberate, purposeful discrimination in the application of the tax. . . . Mere error by a taxing officer in applying a statute which imposes the same tax base and the same rate of tax on all corporations similarly situated does not infringe upon these protections [of uniformity and equal protection].

*Commonwealth v. Koppers Co., supra*, 397 Pa. at 532, 156 A.2d at 334 (1959).

Rohm and Haas advances the additional argument that it is entitled to a refund based upon a deduction under the act for foreign taxes withheld/paid on foreign dividends. Because "[t]he refund of taxes voluntarily paid is a matter of legislative grace and not a right," *Hazleton National Bank v. Commonwealth*, 10 Pa. Commonwealth Ct. 366, 370, 308 A.2d 195, 197 (1973), the procedures prescribed for obtaining a refund must be strictly pursued. *Land Holding Corp. v. Board of Finance and Revenue*, 388 Pa. 61, 130 A.2d 700 (1957) ; *cf. Coshey v. Beal*, 27 Pa. Commonwealth Ct. 440, A.2d (1976). Because Rohm and Haas failed to raise this issue in the administrative proceedings below, we are precluded by Section 1104 of The Fiscal Code, Act of April 9, 1929,

---

[7] Rohm and Haas refers additionally to Westinghouse's 1970 tax settlement. Note 6 *supra*.

P.L. 343, *as amended,* 72 P.S. §1104, from considering it. *Hazleton National Bank v. Commonwealth, supra.*

### ORDER

Now, February 2, 1977, unless exceptions are filed within thirty (30) days of the date hereof, the appeal of Rohm and Haas Company from the denial by the Board of Finance and Revenue of a petition for refund of a portion of Appellant's 1970 corporate net income tax liability as settled and paid is hereby denied and the appeal is dismissed.

### ORDER

Now, February 2, 1977, unless exceptions are filed within thirty (30) days of the date hereof, the appeal of Westinghouse Electric Corporation from the denial by the Board of Finance and Revenue of a petition for refund of a portion of Appellant's 1969 corporate net income tax liability as settled and paid is hereby denied and the appeal is dismissed.