Caesar A. ARREDONDO, Carlos A. Arredondo and IBM Corporation, Appellants,

v.

CUMBERLAND COUNTY BOARD OF ASSESSMENT APPEALS.

Commonwealth Court of Pennsylvania.

Argued April 11, 1997.

Decided July 11, 1997.

---

Anthony R. Thompson, Allentown, for appellants.

Richard C. Snelbaker, Mechanicsburg, for appellees, Cumberland Valley S.D. and Twp. of Silver Spring.

Stephen D. Tiley, Carlisle, for appellee, Cumberland County Board of Assessment Appeals.

Before DOYLE and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge

Caesar and Carlos Arredondo (Arredondo), the owners of a 2.3–acre parcel (parcel), and the IBM Corporation (IBM), lessors of the parcel (collectively, Appellants), appeal from an order of the Court of Common Pleas of Cumberland County (trial court) which denied Appellants' appeal from a decision of the Cumberland County Board of Assessment Appeals (Board), fixing the assessment of the parcel at $408,000 for the 1996 tax year. We affirm.

The parcel at issue is improved with a warehouse building whose configuration is substantially vertical. The building comprises an area of approximately 69,000 square feet and is approximately 80 feet in height. The interior of the building contains an automated retrieval and storage system (ARS) used to deposit and retrieve inventory, which consists of a series of racks supporting inventory pallets. The racks are arranged in different rows, with each row reaching a height of 78 feet. Between the rows are tracks where cranes move horizontally and vertically. The ARS system handles all storage and retrieval of goods within the warehouse and provides support for the building's roof.

For the 1996 tax year, the Board valued the property at $5,588,041 with an assessment of $408,000. Appellants appealed the assessment to the trial court. At the hearing, Appellants presented the expert testimony of William Bott, M.A.I., a certified general appraiser, who concluded that the value of the land was $1,730,000, resulting in an assessment of $126,260. In making his evaluation, Bott did not include the value of the ARS because Arredondo claimed that it was excluded from taxation pursuant to section 201 of the Fourth to Eighth Class County Assessment Law (Law).[1]

The trial court determined that section 201 of the Law did not apply to the ARS, reasoning that, although the Law excludes from real estate taxation equipment which is used directly in manufacturing, it does not exclude a structure used for storage, such as the warehouse here. The trial court also determined that, in accordance with *In re Sheetz*, 657 A.2d 1011 (Pa.Cmwlth.1995), the ARS constitutes realty which is taxable, rather than personalty which is not. Because Bott did not include the ARS in his valuation of the property, the trial court determined that Arredondo failed to produce credible relevant evidence to discredit the Board's assessment and held that the Board's assessment must stand. It is from this determination that Appellants appeal.[2]

On appeal, we are presented with the issue of whether an ARS within a warehouse is assessable real estate. Section 201 of the

---

1. Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.201. Section 201 of the Law provides that "machinery, tools, appliances and other equipment contained in any mill, mine, manufactory or industrial establishment shall not be considered or included as a part of the real estate in determining the value of such mill, mine, manufactory or industrial establishment." 72 P.S. § 5453.201.

2. This court will not set aside the findings of the trial court unless clear error appears, nor will this court substitute its judgment for that of the trial court, because market value is a factual question to be determined by the trial court on the basis of expert testimony. *Appeal of Bonin*, 65 Pa.Cmwlth. 278, 442 A.2d 43 (1982).

Law defines taxable real estate, in pertinent part, as follows:

> All real estate, to wit: ... buildings, lands, lots of ground and ground rents ... mills and manufactories of all kinds, all office type construction of whatever kind, that portion of a steel, lead aluminum or like melting and continuous casting structures which enclose, provide shelter or protection from the elements for the various machinery, tools, appliances, equipment, materials, or products involved in the mill, mine, manufactory or industrial process, and all other real estate not exempt by law from taxation.

72 P.S. § 5453.201. As noted, section 201 of the Law exempts from taxation *"[m]achinery, tools, appliances and other equipment contained in any* mill, mine, manufactory or *industrial establishment ...." Id.* (Emphasis added.)

■ Appellants maintain that the ARS is an "intricate and mechanized assemblage of machinery, appliances and equipment contained within an industrial establishment; and [that the] ARS is utilized directly in furtherance of the industrial purpose of IBM's use of the facility, i.e., storage, retrieval and distribution of goods for IBM's customers." (Appellants' brief at 12.) Thus, Appellants argue that the warehouse is an "industrial establishment," and that the ARS is excluded from assessment because it is machinery contained within an industrial establishment. We disagree.

In *Borough of Aliquippa (Jones & Laughlin Tax Assessment Case),* 405 Pa. 421, 175 A.2d 856 (1961), the Pennsylvania Supreme Court discussed the exclusion contained in section 201 of the Law and stated the following:

> Therefore ... under the statute involved, improvements, whether fast or loose, which are used *directly* in manufacturing the products that the establishment is intended to produce and are necessary and

integral parts of the manufacturing process and are used *solely* for effectuating that purpose, are excluded from the real estate assessment taxation.... [I]mprovements which benefit the land generally and which may serve various users of the land, are not in this category. Neither are structures, which are not necessary and integral parts of the manufacturing process and which are separate and apart therefrom within the exclusion. *A structure used for storage, for example, is part of the realty and subject to real estate taxation.*

*Id.* at 431–432, 175 A.2d at 861–862. (Emphasis added.) Here, the building at issue is used for storage. In accordance with *Jones & Laughlin,* a storage facility is not integral to the manufacturing process; rather, it is part of the realty and subject to taxation. Because the building is a storage facility and not an industrial establishment, the machinery used therein, the ARS, is fully taxable.[3]

■ Further, we conclude that the trial court properly applied the test set forth in *In re Sheetz* to determine that the ARS is realty rather than personal property. Considerations include: (1) the manner in which the property is physically attached; (2) the extent to which the property is essential to the permanent use of the building or other improvement; and (3) the intention of the parties who attached or installed the property. *Id.* Here, the ARS is affixed to the warehouse's ground level and exterior walls, and, because the ARS provides support for the roof of the building, it cannot be removed without damaging the property. Moreover, the ARS is essential in order to use the upper 50 feet of the storage facility, and there is no indication that the ARS would ever be removed while the structure remains a warehouse. Because all of these factors are indicia of taxable realty, the trial court correctly concluded that the ARS was assessable.

---

**3.** To support their position, Appellants rely on *City of Pittsburgh v. WIIC–TV,* 14 Pa.Cmwlth. 18, 321 A.2d 387 (1974), in which this court determined that a television station's antenna tower was not assessable real estate. However, *WIIC–TV* is inapplicable because the television station in that case, unlike the warehouse here, constituted an industrial establishment.

Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, this 11th day of July, 1997, the order of the Court of Common Pleas of Cumberland County, dated August 29, 1996, at No. 95–6623 Civil term, is affirmed.