**CELLCO PARTNERSHIP, d/b/a Verizon Wireless, Appellant**

v.

**LYCOMING COUNTY BOARD OF ASSESSMENT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.

Decided Oct. 24, 2007.

Douglas M. Reeves, Basking Ridge, NJ, for appellant.

Peter Burchanowski, Williamsport, for appellee.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge McGINLEY.

Cellco Partnership, d/b/a Verizon Wireless (Verizon) appeals the order of the Court of Common Pleas of Lycoming County (trial court) which denied Verizon's appeal from a decision of the Lycoming County Board of Assessment (Board) which determined that six communications towers (Towers) owned by Verizon were taxable as real property.

Verizon appealed the real estate tax assessments on the Towers for the tax year 2005 to the Board. The Towers range in height from 110 to 380 feet. Wireless communications antennae and connected appurtenances are affixed to the Towers. Each site has an equipment shelter where radio equipment is located and connected by coaxial cable to the antennae placed at various heights on the Towers. The Towers are contained in an area that is generally 100 feet by 100 feet and surrounded by a security fence. Each facility has telephone and electrical service. Some facilities have a stand alone emergency generator. There are access roads from each facility to the public street. The facilities are unmanned and automated with no working personnel. The facilities have no water or sewage service. The antennae on the Towers receive and transmit radio signals for an area ranging two to five miles from each site for Verizon cell phone service. The Towers are connected to a mobile telephone switching office (MTSO) maintained by Verizon. The tower facilities together with MTSO, to which they are connected, constitute the Verizon Wireless cellular telecommunications network. The location, height and configuration of each Tower, and the placement of the antennae on each Tower, are determined by Verizon's radio engineers so as to provide the optimum radio signal coverage for the surrounding area. The Towers are a necessary part of Verizon's communications network.

After the Board denials, Verizon appealed to the trial court which heard oral argument and received the parties' stipulated facts. The trial court denied the appeals. Verizon argued that the Towers were like the television tower found not taxable in *City of Pittsburgh v. WIIC–TV Corporation,* 14 Pa.Cmwlth. 18, 321 A.2d 387 (1974). The trial court disagreed:

The cellular phone towers in the cases before the court are neither part of an industrial establishment nor part of any manufacturing or production process. Each facility is an unmanned, automated

facility with no regular personnel working at the various sites. . . . The towers, and the tower facilities in general, are used for transferring and receiving signals to and from cellular devices, . . . they are not used to produce a tangible or intangible product. The Court does not believe an ordinary person would consider the cellular phone tower facility an industrial establishment. Even if the facility could be considered an industrial establishment, the court does not find that the towers are necessary and integral to a manufacturing or production process. Nothing is made or created at the facilities. (Citations omitted).

Trial Court Opinion, November 22, 2006, at 4; Reproduced Record at 50a.

Verizon contends that the trial court erred when it determined an ordinary person would not consider the Towers industrial establishments and that the Towers were not machinery or equipment integral to a manufacturing or production process.[1]

Section 201 of the Fourth to Eighth Class County Assessment Law (Law)[2] sets forth the authorized subjects for real estate taxation in fourth to eighth class counties as follows:

All real estate, to wit: Houses, house trailers and mobile homes permanently attached to land or connected with water, gas, electric or sewage facilities, buildings, lands, lots of ground and ground rents, trailer parks and parking lots, mills and manufactories of all kinds, all office type construction of whatever kind, that portion of a steel, lead, aluminum or like melting and continuous casting structures which enclose, provide shelter or protection from the elements for the various machinery, tools, appliances, equipment, materials or products involved in the mill, mine, manufactory or industrial process, and all other real estate not exempt by law or taxation. . . .

Section 201(a) of the Law, 72 P.S. § 5453.201(a), sets forth exclusions from taxation: "Machinery, tools, appliances and other equipment contained in any mill, mine, manufactory or *industrial establishment* shall not be considered or included as a part of the real estate in determining the value of such mill, mine, manufactory or industrial establishment." (Emphasis added).

Verizon recognizes that this Court has already determined that cellular telephone towers are subject to real estate taxation. *Shenandoah Mobile Company v. Dauphin County Board of Assessment Appeals*, 869 A.2d 562 (Pa.Cmwlth.2005).[3] However, Verizon insists that the Towers are excluded from taxation as "machinery, tools, appliances or other equipment contained in any . . . industrial establishment" under Section 201(a) of the Law.

---

**1.** This Court's review in tax assessment appeals is limited to a determination of whether the trial court abused its discretion or committed an error of law, and whether the trial court's decision is supported by substantial evidence. *Custer v. Bedford County Board of Assessment and Revision of Taxes*, 910 A.2d 113 (Pa.Cmwlth.2006).

**2.** Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. § 5453.201.

**3.** Although *Shenandoah* was decided under Section 201 of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–201, our Pennsylvania Supreme Court has stated that the Law and the General County Assessment Law incorporate identical exclusions for machinery and equipment contained in an industrial establishment. *BFC Hardwoods, Inc. v. Board of Assessment Appeals of Crawford County*, 565 Pa. 65, 74 n. 6, 771 A.2d 759, 764 n. 6 (2001). The issue concerning whether the Towers are excluded as machinery in an industrial establishment was not raised in *Shenandoah*.

In *WIIC*, the Court of Common Pleas of Allegheny County determined that a television antenna tower was excluded from the assessment of a television station's real estate on the basis that the television station was an industrial establishment and that the antenna tower could be categorized as machinery, tools, appliances, and other equipment. *WIIC*, 321 A.2d at 387. With respect to whether the television station could be classified as an industrial establishment, this Court determined:

> Perhaps the more difficult problem as acknowledged by the court below, is whether the appellee's TV station is an 'industrial establishment' within the meaning of the act. Here, it is important to note that in interpreting the statutes, all reasonable doubts must be resolved in favor of the taxpayer.... Judge Woodside, speaking for the Superior Court of Pennsylvania, in holding a newspaper plant to be an industrial plant, quoted Judge Guffy of the Court of Common Pleas of Allegheny County:
>
> 'It would seem that the ordinary man would think of a newspaper as an industrial plant, especially if one were to tell him that a laundry or a carpet cleaning company are such for the purpose here being considered.'...
>
> By the same token, it would seem that the same ordinary man would think of a TV station as an industrial establishment, especially if one were to tell him that a newspaper plant is such for the purpose here being considered. (Citations omitted).

*WIIC*, 321 A.2d at 388.

Verizon readily recognizes that the parties stipulated that the facilities where the Towers were located were automated, with no regular personnel. However, Verizon asserts that the fact that the facilities were automated or may be controlled from a distant mobile telephone switching office did not preclude them from qualifying as industrial establishments. For support, Verizon cites to *Commonwealth v. Morris Half Hour Laundromat*, 442 Pa. 543, 277 A.2d 148 (1971) and *Eastern Auto Car Wash, Inc. v. Commonwealth*, 10 Pa. Cmwlth. 207, 309 A.2d 611 (1973), *affirmed*, 463 Pa. 119, 344 A.2d 277 (1975). These two cases did not deal with real estate tax but with sales tax. In *Morris*, the issue was whether the service provided by coin operated washing machines constituted "service" upon which the owner could be taxed even though the work was not done by the owner or his employees. Similarly, in *Eastern*, the issue before this Court was whether a self-service, coin operated car wash was subject to taxation for the service. In both cases, the services provided were held subject to taxation. Verizon argues that these cases lead to the conclusion that the tax laws of this Commonwealth must be read to reasonably accommodate technological change. Under this theory, Verizon argues that the facilities should not be distinguished from more traditional manned facilities.

This Court does not agree. Section 201(a) of the Law requires the property to be contained in a "mill, mine, manufactory or industrial establishment" before it qualifies for an exclusion. While the term "industrial establishment" is not defined in the Law, this Court finds no error with the trial court's application of the "ordinary man" test to conclude that the Towers were neither part of an industrial establishment nor part of any manufacturing process. The Towers transfer and receive signals from cellular telephones. No product is produced. In *WIIC*, this Court referenced the "ordinary man" standard to determine whether the television station was an industrial establishment. Further, as the trial court noted, the television station produced programs at the site, which

were then sent out over the airwaves. Again, nothing is produced at these facilities.[4]

Accordingly, this Court affirms.[5]

## ORDER

AND NOW, this 24th day of October, 2007, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is affirmed.

4. Verizon also asserts that the whole Verizon Network may be considered an industrial establishment. Verizon relies on *Gulf Oil Corporation v. City of Philadelphia,* 357 Pa. 101, 53 A.2d 250 (1947). In *Gulf,* our Pennsylvania Supreme Court determined that certain tanks used in the processing and refinement of petroleum constituted machinery. *Gulf* is inapposite, however, because in *Gulf* there was no question that the oil refinery was an industrial establishment.

5. This Court need not the address the issue of whether the Towers constitute machinery because they are not part of an industrial establishment.